## WHITE v. COTTON et al.

### No. 3028.

Court of Civil Appeals of Texas. El Paso.

June 7, 1934.

H. C. Chancellor, of Dallas, for plaintiff in error.

Dwight Whitwell, of Dallas, for defendant in error.

HIGGINS, Justice.

Mrs. Annie Cotton, defendant in error, owns as her separate property a lot in the city of Dallas, 50 feet wide, facing west on Latimer street, with a length of 140 feet facing north on Logan street. In August, 1928, Logan street was ordered paved by the city, which was done. The city issued to the contractors, Smith Brothers, a paving certificate for the cost of the paving chargeable against the lot. This certificate was assigned to the plaintiff in error, White, who on April 6, 1933, filed this suit against Mrs. Cotton and husband to recover a balance of $535.62, due upon the certificate, with interest at the rate of 7 per cent. per annum from May 10, 1929, the date of the lien and a reasonable attorney's fee as provided in the certificate, and to foreclose the statutory lien upon the lot securing payment of the certificate.

In bar of foreclosure defendants in error pleaded the lot was their homestead and the asserted lien for such reason invalid.

670

Upon trial without a jury judgment was rendered in favor of White against Mrs. Cotton for the said balance with interest as prayed for plus an attorney's fee of $100 and denied foreclosure.

White appeals, complaining that the court erred in denying foreclosure upon that portion of the lot fronting on Latimer street and running back 62 feet.

The court's findings pertinent to the issue here presented are as follows:

"I further find that the property involved herein was purchased by the defendants in the year 1910, and that at the time of its purchase there was erected upon the front or Westerly end of said lot, fronting on Latimer street, a three room house known as and numbered 2400 Latimer street; that thereafter about the year 1920 the defendants remodeled said house into a five room house and moved into and lived upon said property as their homestead during the year 1920 and a part of the 1921; that the defendants then moved to Temple, Texas, leaving a portion of their furniture and household effects in said house and rented same during their absence, but at all times claiming same as their homestead; that thereafter in the year 1923 the defendants returned to Dallas, and built upon the rear of said lot the residence that now stands on said lot, which faces and fronts on Logan street and is numbered and known as 2510 Logan street, and as is shown on the plat in evidence; that upon the building of the residence at 2510 Logan street, on the rear or Easterly end of said Lot, the defendants moved into and occupied same as their home for the years 1923 to 1929 inclusive, and that during said time the residence on the front or Westerly end of said lot, occupying the part of the lot as shown on said plat in evidence, and being the house numbered 2400 Latimer street, was rented from month to month to various tenants and during said time was not occupied by the defendants as their home and none of their household goods were kept in said house during said time; that after the year 1929 the defendants moved from said property to property owned by them on Fernwood Avenue where they now reside, and since their removal from said property in the year 1929 both of the houses on said Lot No. 1, Block B/868, as per the plat in evidence, has been used for rent property. * * *

"The Court further finds that the defendants, at the time the paving of said Logan street was ordered by the governing body of the City of Dallas, prior thereto, and at the time said street was paved, and at the time of the trial of this suit, claimed and are claiming the entire Lot No. 1, Block B/868, the property involved herein, as their homestead, and that they intend and have so intended to move back into and occupy the house at 2400 Latimer street as their home at some time in the future when they are able to remodel the house on the rear of the lot into a workshop. * * *

"The Court finds that the fence across said lot from the corner of the garage, as shown on the plat in evidence, was built after the paving of the street and the issuance of the certificate of assessment sued on herein; and the court further finds that the plat in evidence, other than the fence, correctly represents the improvements that were upon said lot at the time of the resolution ordering the paving by the governing body of the City of Dallas, and the parts and portions of said lot occupied by said improvements.

"The Court finds as a fact that $100.00 is a reasonable attorney's fee for plaintiff's attorney in prosecuting this suit in this court, and that in the event this case is appealed and plaintiff establishes a lien on the property involved, that $150.00 additional is and will be a reasonable fee for plaintiff's attorney for prosecuting this suit in the Court of Civil Appeals, which fee the court finds to be reasonable and which is agreed to in open court by all the parties to said suit."

The court's conclusions of law upon the issue read:

"The Court concludes that the entire Lot No. 1, Block B/868 herein involved, was the homestead of the defendants at the time the said Logan Street was ordered to be paved by the governing body of the City of Dallas, on the 27th day of August, A. D. 1928.

"The Court concludes that no part of said Lot No. 1, Block B/868, had been abandoned as a homestead by the defendants at the time the street was ordered to be paved by the governing body of the City of Dallas, on the said 27th day of August, 1928.

"The Court concludes that the assessment and certificate sued on by the plaintiff created no lien against any part of the said Lot No. 1, Block B/868, herein involved.

"The Court concludes that the plaintiff is not entitled to a foreclosure of lien against any part of said Lot No. 1, Block B/868, herein involved.

"The Court concludes that the defendants are not required to elect as to which of said houses is their homestead."

The following is a copy of the plat referred to in the findings:

## Opinion.

The undisputed evidence supports the trial court's findings of fact.

The question at issue is controlled by the ruling in Harston v. Langston (Tex. Civ. App.) 292 S. W. 648, 650 (writ ref.), and the many cases there cited. The facts here differ in no material respect from the facts in Harston v. Langston. In that case Justice Blair said:

"In the instant case Langston not only claimed the residence in which he lived with his family as a homestead, but claimed the entire lot, including the residence which he had for two years rented out, and for which he received a substantial rental income. Since he had acquired another homestead, the 'undeniably clear' and the 'beyond shadow or reasonable ground of dispute' rules do not apply, and the trial courts' finding that he had abandoned as a homestead the premises levied upon is abundantly supported by the evidence.

"Appellants insist that intention is an important factor in determining the homestead character of the property, and lay considerable stress upon the statement of Langston that he intended to move back in the house on Cedar Hill avenue, and that he did not intend to abandon it as his homestead. But we submit that nowhere did Langston testify that he intended to ever occupy the premises as it now exists as his homestead, and his future occupancy was always prefaced by a condition. One condition was that, when he was able to tear down the building now rented, and erect a two-story house, he would then occupy the two-story house as his homestead. Another condition was based upon his financial ability to construct another new house on the premises, but, in any event, the homestead which he intended to occupy was not the one now existing, but one which he intended to hereafter build.

"The following authorities hold that, in order to protect lots in a city or town not actually occupied by the family residence or its appurtenances, they must be substantially used by the family for home purposes. When leased to tenants, producing an income, it is evident that they are no longer used as an adjunct to the family residence, and should no longer demand the homestead exemption. The mere fact that occasional uses are made by the owner of the premises does not save it from execution. It is the principal use to which the property is subject that must be looked to. Blackburn v. Knight,

81 Tex. 326, 16 S. W. 1075; Blackwell v. Lasseter (Tex. Civ. App.) 203 S. W. 619; Blum v. Rogers, 78 Tex. 530, 15 S. W. 115; Davis v. Taylor (Tex. Civ. App.) 33 S. W. 543; Duncan v. Alexander, 83 Tex. 441, 18 S. W. 817; Goodrich Rubber Co. v. Valley Plumbing Co. (Tex. Civ. App.) 267 S. W. 1036; Lasseter v. Blackwell (Tex. Com. App.) 227 S. W. 944; Lipscomb v. Adamson Lumber Co. (Tex. Civ. App.) 217 S. W. 228; Medlenka v. Downing, 59 Tex. 32; Wurzbach v. Menger, 27 Tex. Civ. App. 290, 65 S. W. 679; Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586.

"Summarizing the evidence, and testing it by these propositions of law, we find that Langston abandoned the premises levied upon and formerly occupied by him as a homestead, rented it out, and exercised no use or control over it different from the use and control which owners ordinarily exercise over rented property. He derived a substantial income from the rented premises. He then occupied other property which he owned as the homestead of himself and family. So we submit that the trial court did not err in holding the premises levied upon to have lost its homestead character, and we therefore affirm the judgment."

Another recent case very much in point upon the facts is Atwood v. Guaranty Const. Co. (Tex. Com. App.) 63 S.W.(2d) 685.

There is no occasion to discuss the question further. The authorities cited are conclusive in support of the view that the court erred in denying foreclosure of the lien against that portion of the lot fronting on Latimer street and running back 62 feet on Logan street except the driveway leading from Latimer street to the garage.

The evidence does not disclose with any certainty what use, if any, the defendants in error have been making of the driveway in connection with their home on Logan street. If the driveway has continued to be used by defendants in error in connection with their home on Logan street, then its homestead character has not been lost and the paving lien did not attach to it. Blackburn v. Knight, 81 Tex. 326, 16 S. W. 1075. In such case the driveway remains a part of the homestead. The burden of showing such discontinuance of use rested upon plaintiff in error. The evidence is insufficient to warrant this court in holding that the lien has attached to the driveway. The plat, however, discloses that the concrete and gravel portion of the drive is 7.5 feet wide. Ten feet

will be an ample width to allow for the driveway. Accordingly, we hold that plaintiff in error is entitled to foreclosure of the paving lien upon that parcel of land described as follows:

"Situated in Dallas, Dallas County, Texas, and being a part of Lot No. 1, Block B/868, Eakins, Hughes and Eakins Subdivision of said block, and described more particularly as follows:

"Beginning at the corner of said block at the intersection of Latimer and Logan streets and running thence in an Easterly direction along the Southerly line of Logan street a distance of 62 feet;

"Thence in a Southerly direction parallel with Latimer Street a distance of 40 feet, across said lot;

"Thence in a Westerly direction parallel with Logan Street a distance of 62 feet to the line of Latimer street;

"Thence in a Northerly direction along the line of Latimer street a distance of 40 feet to the point of beginning, being the corner of said lot."

Plaintiff in error is not entitled to a lien against said parcel securing the entire balance due upon the certificate. That portion of the certificate chargeable against the homestead of Mrs. Cotton cannot be fixed as a charge and lien against the parcel above described. Such parcel is chargeable only with its pro rata part of the certificate. The entire lot contains 7,000 square feet. The parcel above described (40x62) contains 2,480 square feet. There is thus chargeable against the above described parcel 248/700 of the balance of principal, interest, and attorney's fees due upon the certificate.

We overrule the contention that the recovery of attorney's fee should be increased $150 by this court, the amount the trial court found would be a reasonable additional attorney's fee to plaintiff in error's attorney, for successfully prosecuting this appeal. Gross v. White (Tex. Civ. App.) 67 S.W.(2d) 895.

The judgment of the lower court is reversed and here rendered as follows:

In favor of White against Mrs. Cotton for $781.02, with interest thereon at the rate of 7 per cent. per annum from date of judgment in the court below, and in favor of White against Mrs. Cotton and her husband, J. S. Cotton, establishing and foreclosing the paving lien upon the parcel of land above described to the extent of 248/700 of the personal judgment awarded against Mrs. Cotton, and said parcel is ordered sold as under execution in satisfaction of 248/700 of such personal judgment against Mrs. Cotton. All costs in the court below and upon appeal are taxed against Mrs. Cotton and her husband.

Reversed and rendered.