**GRIMES v. ROBITAILLE.**

**No. 12563.**

Court of Civil Appeals of Texas. Galveston.

April 23, 1953.

Harlan Grimes, pro se.

Adams & Morgan, Tod R. Adams, of Crockett, and Marshall, King & Jennings, Frank L. Jennings, Jr., of Graham, for appellee.

GRAVES, Justice.

This suit was filed by E. W. Robitaille, appellee, against Harlan Grimes, appellant, to collect for labor performed, services rendered, and materials and supplies furnished, by appellee on behalf of appellant, in the operation of an oil and gas leasehold estate, upon certain property in Houston County, under authority of an agreed judgment in Cause No. 7997, in the District Court of Houston County.

Appellee also sought foreclosure of a certain mechanic's and materialman's lien against appellant's interest in said leasehold estate, but appellee abandoned this part of his suit, during the proceedings in the trial court.

Appellee further sued, in the alternative, on quantum meruit.

Appellee further sued for attorneys fees, under provisions of Acts 1949, 51st Leg., p. 915, Chapter 494, Sec. 1, V.A.T.S. Art. 2226.

Appellant filed a general denial, a special denial of the validity of the judgment in Cause No. 7997, and a denial that certain

items were authorized by said judgment, and several other pleas.

Sitting without a jury, the trial court entered judgment in favor of appellee against appellant in the sum of $2,622.12, with interest at six per cent per annum from date of judgment, for the services rendered, labor performed, and materials furnished by appellee, in the operation of said leasehold estate, as authorized by the judgment in Cause No. 7997, and, on the basis of appellee's plea in quantum meruit.

The trial court further awarded appellee an additional $250, as reasonable attorneys' fee for services in these proceedings in the trial court, making a final total of $2,872.12.

The appellant has appealed to this Court from such judgment of the court below, appearing here both by brief and oral argument, in person and as attorney for himself. He seeks to so state in his brief some 25 points of error, which he discusses under three groups, designating them as 1. to 7., inclusive, 8. to 17., inclusive, and 18. to 25., inclusive.

This Court is unable to hold that these presentments comply in whole or in part with Rule 418, Texas Rules of Civil Procedure, prescribing the requisites for briefs in this Court, as construed and applied by such authorities as these: Brown County Water Improvement Dist. No. 1 v. McIntosh, Tex.Civ.App., 164 S.W.2d 722; Wagley v. Fambrough, Tex.Civ.App., 163 S.W. 2d 1072, affirmed 140 Tex. 577, 169 S.W.2d 478; DeBusk v. Guffee, Tex.Civ.App., 171 S.W.2d 194; Miguez v. Miguez, Tex.Civ. App., 221 S.W.2d 293, 297.

Nevertheless, as indicated, having been favored by the appellant with his personal appearance and oral argument in support of his contentions, an effort has been made to properly adjudicate his presentments. In consequence, it must be held that none of his points as so presented and argued can be sustained.

His first seven points attempt to attack the trial court's refusal to hold that judgment in that court between these same parties in a cause numbered on its docket 7997 was void; whereas, the record shows such judgment to have been an agreed one between the parties to the present proceeding, under which the appellee in the cause at bar had been given exclusive management and control of the gas leases between these parties, which had been in controversy between them in another cause in the District Court below, which was suit No. 7773 in that court, which had been appealed to this Court and had been decided here finally, as far back as October 5, 1950, in an opinion reported under the style of Grimes v. Talbot, reported in 233 S.W.2d 206. In that judgment, this Court overruled all of appellant's contentions, which are repeated in his stated presentments here in this cause, and the Supreme Court of Texas refused a writ of error, n. r. e., holding that this Court had committed no reversible error in such determination.

▆ Wherefore, none of such contentions, which are undertaken to be herein repeated, can be sustained. Even were it otherwise, and if this Court should be called upon to entertain appellant's present undertaking to so attack such former judgment of the trial court, it could not prevail, because such attack would be a collateral one, and not permissible. 25 Tex.Jur. 743, Judgments, Sec. 280.

▆ Finally, the record so brought to this Court by appellant, contains only the trial pleadings of both parties to the controversy, followed by the judgment of the court, as recited supra. There was no jury sought by either side, and, while a statement of facts was brought up with the record, which this Court has considered, it is nowhere pointed out that any determination of fact so recited by the court in its judgment was shown to have lacked support in the testimony heard.

Wherefore, this Court has left no alternative than to affirm the judgment. It will be so ordered.

Affirmed.