## GRIMES v. MAYNARD et al.

### No. 3180.

Court of Civil Appeals of Texas.

Waco.

June 24, 1954.

Rehearing Denied July 30, 1954.

Harlan Grimes, Grapeland, for appellant.

Adams & McReynolds, Crockett, Marshall, King & Jennings, Graham, for appellees.

TIREY, Justice.

This is an appeal from an order of the court sustaining certain special exceptions to the appellant's original petition and the appellant having failed and refused to amend his pleadings, the court dismissed the action and appellant gave notice of appeal to the Court of Civil Appeals at Galveston and seasonably perfected his appeal to that Honorable Court and the cause is here on transfer by order of our Supreme Court.

Appellant assails the decree of the trial court on what he designates as 39 points. Each of them is without merit and we will not state them for reasons hereinafter briefly stated.

Appellant has elected to represent himself in this cause. His original petition on which he went to trial consists of 33 typewritten legal cap paper. We have examined it with great care and it is our considered opinion that the petition does not present a justiciable question. Needless to say that under the old rules, it would have been subject to a general demurrer. The appellees followed the new rules and leveled certain exceptions to the pleadings and the court sustained exceptions stated in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 in the answer of defendant E. W. Robitaille and others and sustained exceptions 3, 4, 5, 6, 7 and 8 in the original answer of E. W. Maynard et al., and the appellant refused to comply with the orders of the court entered on such exceptions and further refused to amend his asserted cause of action and the court dismissed this cause. We sustain this action of the trial court.

We quote in part from appellant's brief his statement of the case: "This is a suit to set aside two judgments of the District Court of Houston County, both of which were entered through the fraud of appellees, a void judgment of this court, such being in Case No. 12,195, in which this Court found practically all the facts and all the law in favor of this appellant and then misapplied such law and facts so as to constitute a senile decision as admitted by appellees, which decision overruled the Supreme Court of Texas as to the established law of Texas, to set aside the affirmation of such senile decision by the Supreme Court of Texas, for the rendition of proper decisions in all three Courts, and for damages for the fraud of appellees, and for equity. * * * The entire record in Case No. 12,195 in this Court is made a part hereof the same as if copied herein in full."

We quote substantially from appellees' brief the history of the litigation referred to in appellant's pleading, which statement in appellees' brief is not denied. See Rule 419, T.R.C.P.

This is the fourth of a series of five suits between the present parties or their priv-ies, except the Honorables Earle P. Adams, Walter B. Morgan and B. W. King, who were attorneys for appellees in other suits and who are made parties to the present suit, and the litigation here involves the same subject matter, namely, oil and gas and leasehold estates covering several hundred acres of land in Houston County, Texas. The first suit was Cause No. 7773 in the District Court of Houston County, brought by appellant here and his brother, Russell W. Grimes, against A. G. Talbot et al., to cancel a written assignment of an undivided one-half interest in the leasehold estates. The trial judge sustained the special exceptions of A. G. Talbot et al. and upon plaintiff's (Grimes) refusal to amend, dismissed the suit. The trial court's judgment was affirmed by the Galveston Court, being Cause No. 12,195 in that court, and it is reported in 233 S.W.2d 206. The Supreme Court of Texas refused application for writ of error n. r. e., the cause there being No. 2914. (As we understand appellant's pleading here, he is asking us to set aside the decree of the trial court and the judgments entered in the Galveston Court of Civil Appeals and the Supreme Court.)

The second suit was Cause No. 7997 in the District Court of Houston County brought by Edwin T. Maynard et al. against Harlan Grimes and Russell W. Grimes for an accounting and a receivership of the leasehold estates. This suit resulted in an agreed judgment, dated March 22, 1951, wherein the interests of the parties were adjudicated according to the judgment in the prior suit and the management and control of the leasehold estates were by agreement given to appellee, E. W. Robitaille, for a period of six months and after that until such property should be, upon written notice by one of the parties, sold as provided in said judgment, and providing that each of the parties would pay their pro-rata part of the expenses of operation of the property monthly as billed.

The third suit is Cause No. 8053 in the District Court of Houston County brought by E. W. Robitaille against Harlan Grimes to recover one-fourth of the expenses of the operation of the leasehold estate from

April 1, 1951, to and including August 31, 1952, and attorney's fees. Upon trial judgment was rendered for Robitaille as prayed, and upon appeal the Court of Civil Appeals at Galveston affirmed the judgment as shown in 257 S.W.2d 359, and the Supreme Court of Texas refused writ of error n. r. e. (As we understand appellant's pleading here, he is asking us to set aside the decree of the trial court and the judgments entered in the Galveston Court of Civil Appeals and the Supreme Court).

The fifth suit is Cause No. 8146 in the District Court of Houston County and is of the same nature as No. 8053, but covering a period subsequent to August 21, 1952.

The fourth suit is the suit here on appeal, being Cause No. 8083 in the District Court of Houston County, Texas, brought by appellant against Edwin T. Maynard et al. for the cancellation and setting aside of the judgment of the District Court of Houston County in Cause No. 7773 and of our Galveston Court of Civil Appeals, 233 S.W.2d 206, and of the Supreme Court of Texas in Cause No. A–2914, and for the cancellation and setting aside of the judgment of the District Court of Houston County in Cause No. 7997, which judgment, according to appellant's allegations, having been entered in March 1951. The alleged ground for cancellation of the judgment in Cause No. 7773 (which cause was affirmed by the Galveston Court, 257 S.W.2d 359, and n. r. e.'d by the Supreme Court) are acts of appellees and their privies alleged to have been done prior to and adjudicated by the judgment in said cause. The alleged grounds for cancellation of judgment in Cause No. 7997 are the same with the additional allegation that "in February 1951 after the mandate from the above mentioned courts had been returned to the District Court of Houston County" he was prevented from taking the deposition of E. T. Maynard by the allegedly false representation of appellees herein as to the health of E. T. Maynard, and except for such representations would have been able to show by such deposition matters that would have allegedly affected the judgment in the prior suit and appellant's agreement to the judgment in Cause No. 7997. (This is the end of statement of history taken from appellees' brief.)

■ Appellees' Counter Points 1 and 2 are: "The trial court correctly sustained appellees' pleas in abatement and Special Exception contained in Paragraph II of Answer of E. W. Robitaille et al., for the reason that in the two cases in which judgments were sought to be cancelled, Russell W. Grimes was adjudicated a one-fourth interest in the leasehold estates and was therefore a necessary party to any suit for the cancellation of such judgments." We are in accord with this view and it need not be labored. See Veal v. Thomason, Tex. Sup., 159 S.W.2d 472, points 1 and 2 and 7, and cases there collated. See also: Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435 (adopted by S.Ct.); Rogers Nat. Bank of Jefferson v. Pewitt, Tex.Civ. App., 231 S.W.2d 487 (writ ref.); Hunt v. McWilliams, 218 Ark. 922, 240 S.W.2d 865.

Appellees' Counter Point 4 is to the effect that the trial court did not err in making the rulings complained of in Appellant's Points Nos. 3, 4, 8–12, 14, 16–27, and 37, for the reason that the matters involved in such rulings were each and all in issue and directly adjudicated upon, or necessarily involved in the determination of Cause No. 7773, and the affirmances thereof by the Appellate Courts, in which a final judgment was duly entered. We are in accord with this view.

■■ Appellant's pleading on which he went to trial shows that he is attempting to relitigate issues in causes that have been heretofore litigated and decided adversely to him by the courts of our state. His attempt so to do is in conflict with our judicial history. In Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 245, certiorari denied 58 S.Ct. 366, 302 U.S. 759, 82 L.Ed. 588; 302 U.S. 780, 58 S.Ct. 475, 82 L.Ed. 603, our Supreme Court had occasion to consider the question as to when a cause is res adjudicata and in so doing made this statement of the rule:

"Where parties have had the opportunity of litigating certain issues, and

a final judgment is entered in said cause adjudicating those issues, it is not the policy of the law to permit a relitigation of such questions. The rule is now well settled that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties, although the second suit relates to a different subject-matter. It is also equally well settled that an issue of fact necessary for a determination of issues in a prior case, and a judgment entered therein, creates an estoppel by judgment against relitigation of the same issue." Citing Hanrick v. Gurley, 93 Tex: 458, 479, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526.

See also Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216, certiorari denied 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848; 320 U.S. 811, 64 S.Ct. 31, 88 L.Ed. 490. See also Vol. 24, Texas Digest, Judgments, Key Nos. 713(1) and 713(2).

Our view is that the foregoing statement of the rule by our Supreme Court has been the rule adhered to by our Supreme Court from the beginning of our jurisprudence until this date and substantially the same rule is applied and adhered to by the Supreme Court of the United States, including all of our sister states. In fact, we know of no different rule in any foreign jurisdiction. The reason for the rule is obvious. It is equitable and fair in that it gives finality to litigation.

But appellant contends that he is entitled to proceed in this matter under the doctrine announced in Collins v. Davenport, Tex.Civ. App., 192 S.W.2d 291 (no writ history) and the opinion of our Supreme Court in Connecticut General Life Ins. Co. v. Bryson, Tex.Sup., 219 S.W.2d 799. We have considered carefully each of the foregoing opinions and in our view they are not applicable to appellant's situation and are in no wise in conflict with the rule announced by the Supreme Court in Rio Bravo Oil Co. v. Hebert, supra.

Needless to say that appellant's original petition, insofar as it seeks to set aside former judgments entered by the district court of Houston County, Texas, is to that extent a collateral attack upon such former judgments, and, by reason thereof, is not permissible and must fail. See Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325. See also 25 Tex.Jur., Judgments, Secs. 280, 281, and pp. 743 and 745, and cases there collated. See also Grimes v. Robitaille, supra, points 1 and 2, and Vol. 24, Tex. Dig., Judgments, Key No. 518.

Finding no reversible error in the action of the trial court, further comment here would be of no avail, and the judgment of the trial court is in all things affirmed.