William H. FULLER, Jr., et al., Appellants,

v.

Charlie MULLINS, Appellee.

No. 3273.

Court of Civil Apppeals of Texas.

Waco.

March 31, 1955.

Rehearing Denied April 21, 1955.

I. H. Spears, Pasadena, Cal., for appellants.

Crunk & Morgan, Greenville, for appellee.

TIREY, Justice.

This suit (non-jury) is one in trespass to try title to a tract of 15.25 acres of land in Hunt County.

Although appellants' brief is short, we have had considerable trouble in comprehending their points and the application thereof to the factual situation here before us; however, they state substantially in their argument that the appeal involves three major propositions only upon which the decision of this case depends. (1) that the property was the homestead of Wm. H. Fuller, Sr., deceased, and his family lived on the same at the date of his death; (2) is to the effect that since William H. Fuller died testate and his will was admitted to probate in the County Court of Hunt County in November, 1918, that such action thereon gave the County Court of Hunt County exclusive jurisdiction of the subject matter and persons involved, and any matter relating to the William Fuller estate is appellate only; and (3) that the County Court of Hunt County had exclusive prior jurisdiction of the William Fuller homestead lands, and no other court had jurisdiction, and that all other proceedings and judgments relative to the land in the judgments specially pleaded by plaintiff became null and void because such District Court of Hunt County had no jurisdiction. We cannot agree with appellants as to the application of the law to the factual situation here.

The pertinent facts relating to the title before us do not yield to a simple statement. This suit relates solely to 15.25 acres of land out of Lot 2 awarded to Eliza Fuller in a partition suit in the District Court of Hunt County in February, 1921. It is appellee's contention that he has title to the 15.25 acres here in dispute by reason of his plea of res adjudicata. The title history to Lot 2, or the 16.25 acre tract out of which the 15.25 acre tract is taken, is substantially without dispute. It was stipulated that the common source of title is "Grandpa" W. H. Fuller. "Grandpa" Fuller died testate and in his will he bequeathed his entire estate to his six children: A. Q. Fuller, Henry

Fuller, Saphronia Fuller, Joe Fuller, Vivla Hood and Annie Lewis in equal portions and in fee simple. The will appointed an independent executor without bond. "Grandpa" Fuller left no debts outstanding and there was no administration upon his estate and the beneficiaries took fee simple title as provided in the will. W. H. Fuller died in October, 1918, and his will was admitted to probate in the County Court of Hunt County at the January, 1919 term. In May, 1919, Eliza Fuller acquired from A. Q. Fuller and wife, Carrie Fuller, an undivided one-sixth interest in the land. As part of the consideration she executed her note in the sum of $175 and another note in the principal sum of $560, secured by vendor's lien on the property conveyed to her. In the deed we find this recital: " * * * conveys unto Eliza Fuller our undivided one-sixth interest in the land which A. Q. Fuller inherited from his father, Wm. H. Fuller, and his mother, Nellie Fuller. (We assume that Nellie Fuller was the wife of "Grandpa" Fuller and that she predeceased her husband, due to the fact that all of the parties have so treated the title, although this does not appear from the record). We find in one of the exhibits that Wm. Henry Fuller died intestate prior to the death of his father, leaving as his sole and only children, Wm. H. Fuller, Jr., Rufus, Mary, Francis, and his widow, Eliza Fuller, the mother of their children, and that the children and Eliza constitute the sole and only heirs of the said Wm. Henry Fuller.

In February, 1921, the 8th Judicial District Court of Hunt County entered its decree of partition in a friendly suit brought by one of the legatees under the will of "Grandpa" Fuller to partition the property theretofore bequeathed under the will of "Grandpa" Fuller. This decree appointed commissioners to partition the property and report the same to the court. The commissioners duly qualified and filed their report and attached a plat of the property to their report. This report shows that they divided the property into six lots and each of the lots was described by metes and bounds. Lot 2, which is involved in this suit, was allotted to Eliza Fuller. The report of the

commissioners was confirmed by order of the 8th Judicial District Court entered on February 26, 1921. Lot 2, which was awarded and set apart to Eliza Fuller, was valued at $1,156.25, and the commissioners fixed its value at $200 more than the total value of the other five lots, and, in order to equalize the value, provided that Eliza Fuller should pay to each of the other five owners $40, and placed a lien on Lot 2 to secure all of these items amounting to $200. Thereafter, on December 22, 1923, Eliza Fuller gave a deed of trust on her property to secure a note for $740.90, payable to A. E. Edwards and the deed of trust recites that the money advanced is given in renewal and extension of the vendor's lien note for $566.00 of date May 5, 1919, and described in the deed executed by A. Q. Fuller to Eliza Fuller on such date, and that A. E. Edwards is the owner and holder of said note by duly executed transfer of the deed of trust and is subrogated to all of the original vendor's lien and equities. Thereafter, on October 13, 1928, Eliza Fuller executed and delivered another deed of trust on Lot 2 to secure A. E. Edwards in the payment of one note of even date with said deed of trust in the sum of $1,500, and the deed of trust recites that it is given in renewal and extension of the note for $740.90 heretofore described and refers to the deed of trust there executed to secure such note. Thereafter, we find a trustee's deed dated November 7, 1933 by Eliza Fuller, acting by and through such trustee named in the deed of trust, conveying to George Edwards Lot 2, which instrument recites a sale of the property in question under deed of trust and recites that such property was sold to George Edwards for the sum of $300 in such foreclosure sale. This trustee's deed was filed for record in Hunt County on December 7, 1933. In 1934, George Edwards filed suit in trespass to try title in the 8th Judicial District Court against Eliza Fuller for the 16.25 acres of land, or Lot 2. Eliza Fuller, after being duly cited, answered by her attorney of record and her answer contained a plea of not guilty. Thereafter, on March 21, 1935, in a nonjury trial, the plaintiff recovered the title and possession of the property from Eliza

Fuller. The decree further provided that the officers of the court place plaintiff in possession within thirty days after the date of the judgment. Writ of possession duly issued and was placed in the hands of the Sheriff and the Sheriff's return, among other things, shows: "This writ not further executed after being served by injunction writ on 11th day of June A. D. 1935." In August, 1936, W. H. Fuller, Jr., of Hunt County, filed application for letters of guardianship for the person and estate of his mother, Eliza Fuller, and as grounds therefor alleged that Eliza Fuller was a person of unsound mind and incapable of taking care of herself or her property. The County Court duly appointed W. H. Fuller, Jr., guardian of the person and estate of Eliza Fuller, and he qualified as such. Thereafter, W. H. Fuller, Jr., as next friend, filed suit at the October, 1935 Term of the 62nd Judicial District Court against George Edwards and alleged among other things that Eliza Fuller was an insane person and that while she was in such condition the said George Edwards advertised or caused to be advertised her property for sale under the deed of trust and caused a sale of the property to be made under the deed of trust, and he prayed for writ of injunction directed to the Sheriff of Hunt County and George Edwards, restraining them from interfering with her in the possession and enjoyment of her property, and also asked that the judgment theretofore entered in the 8th Judicial District Court in Cause No. 18244 by George Edwards against Eliza Fuller be set aside. The 62nd Judicial District Court of Hunt County, on June 10, 1935, granted restraining order against the Sheriff from executing writ of possession or interfering in any way with the possession of Eliza Fuller until further orders of the court. The restraining order further directed the Sheriff to make return of the writ to the 8th Judicial District Court of Hunt County, where the original judgment had been entered. Thereafter, George Edwards filed his original answer in Cause No. 18461 in the 62nd Judicial District Court, styled W. H. Fuller, Jr., as next friend for Eliza Fuller, against George Edwards, which answer set up among other

things that he had previously recovered judgment against Eliza Fuller in the 8th Judicial District Court of Hunt County, wherein he recovered title and possession of the property in question, and that said judgment became final, and prayed that his plea of res adjudicata be sustained and that the suit in the 62nd Judicial District Court be dismissed, and for general relief. Thereafter, at the October, 1938 Term in Cause No. 18461, styled Eliza Fuller, by next friend W. H. Fuller, Jr., against George Edwards in the 8th Judicial District Court, a decree was entered in this cause and in the decree we find this recital: "* * * Plaintiff and Defendant announced to the court that a settlement had been reached in the cause and moved the court that the case be withdrawn from the jury docket, and that the agreement for settlement be heard by the Court, and then ratified * * * The Court granted the motion of the parties * * * The jury was excused and the Court heard the testimony adduced as to the terms and conditions of the agreement: And it appearing to the Court that the terms and conditions of said agreement be and the same is hereby ratified and approved and confirmed as follows: 'That the injunction heretofore granted in this cause shall be dissolved, set aside and held for naught, and the judgment heretofore entered in Cause No. 18244 on March 21, 1935, where George Edwards was Plaintiff and Eliza Fuller was Defendant be, and the same is hereby, fully confirmed and approved except that as a matter of settlement and agreement, there is hereby and herein set apart to Plaintiff Eliza Fuller in fee simple, the one acre of land together with improvements thereon, which said land has been heretofore fenced and set apart for the use of plaintiff and which said land is described as follows: (then follows description of the one acre tract by metes and bounds)' * * * And it appearing to the Court that said agreement is fair and equitable and is based on a proper construction of the facts existing in this cause and existing in Cause No. 18244 as it was pending in the District Court of Hunt County, Texas, 8th Judicial District, March Term, A. D. 1935, at the time and on the day that judgment was

taken in said cause, and the said agreement and settlement for this cause as hereinbefore set out is by the Court ratified, confirmed and approved." The decree further dissolved the injunction and approved the judgment entered in Cause No. 18244 on March 21, 1935 and provided that the judgment entered set apart to the plaintiff the one acre of land theretofore described, which takes precedence to the recitations in the judgment in Cause No. 18244, and set apart to plaintiff in accordance with the provisions of said agreement in fee simple the one acre tract of land described. The foregoing judgment was final and fixed the rights of the parties as they existed on that date.

Going back to the present suit in trespass to try title and the one now before us, we find that plaintiff filed his original petition in the 8th Judicial District Court of Hunt County in May, 1952, and, as above stated, it is to recover title and possession to the 15.25 acres out of Lot 2, which was allotted and set apart to Eliza Fuller in the partition decree. The record shows that plaintiff obtained legal service on each of the adverse claimants named in his original petition. We find substantially the following statements in appellee's brief, which are not challenged and which we think are sustained by the undisputed record: That Eliza acquired the undivided one-sixth interest in the 105 acre tract of land from A. Q. Fuller by warranty deed dated May 5, 1919, and that she created a vendor's lien against such undivided interest to secure a part of the purchase money for such property. This was the one-sixth interest that was set apart to her in the partition decree and it is not shown that Eliza Fuller had any homestead right that would defeat the debt and lien that she created against the property when she purchased such undivided one-sixth interest, nor did she have such homestead right as would defeat the original judgment lien against the part awarded to her by the partition decree, nor do we find anything in the record that sets aside or voids the decree of partition entered in this cause, nor the compromise entered in the 8th Judicial District Court of Hunt County at the time it

set aside the one acre tract in question to Eliza Fuller, nor do we find anything in the record that controverts the sale of the property to Charlie Mullins, who purchased the 15.25 acre tract of land in question from George Edwards and wife, Theresa, by warranty deed duly acknowledged on the 17th of December, 1938 and recorded on November 5, 1943.

The will also shows that the independent executor was not given any powers to partition the property, and the record is without dispute that the independent executor made no attempt to partition the property, and that the beneficiaries under the will took their respective interests under the will as in the will provided. Since the inventory and appraisement shows that "Grandpa" Fuller left no debts and there was no necessity for any administration of his estate and nothing for the executor to do after the court admitted the will to probate and after he had filed his inventory and appraisement and executed his oath without bond, the estate vested under the will free of the jurisdiction of the County Court.

Under the foregoing conditions, it is needless to say that the Probate Court of Hunt County did not have any jurisdiction of this estate that precluded the District Court of Hunt County from partitioning the property between the beneficiaries and legatees under the will of "Grandpa" Fuller.

The appellant I. H. Spears is attempting to hold the land under deed executed to him by Wm. H. Fuller, Jr., dated August 1, 1942, as well as deed executed by Rufus Fuller, Mary Fuller and Francis Fuller to Wm. H. Fuller dated July 31, 1942. Each of the foregoing deeds was executed subsequent to the filing of the suit in trespass to try title and the judgment entered therein in the 8th Judicial District Court of Hunt County, wherein such court had set aside to Eliza Fuller the one acre tract in question and confirmed the award of the 15.25 acre tract to George Edwards, and there was no appeal from that judgment and the title to the one acre tract in Eliza Fuller and the title to the 15.25 acre tract in George Edwards had been fully and finally

determined. It is clear to us that the appellants here are attempting to re-litigate issues relating to the title to the 15.25 acre tract that have been heretofore litigated and decided adversely to them by a court of competent jurisdiction, to-wit, the District Court for the 8th Judicial District, Hunt County, Texas. Such action on their part is in conflict with our judicial history. See Grimes v. Maynard, Tex.Civ.App., 270 S.W. 2d 282 (writ ref.) pts. 2 and 3, petition for writ of certiorari denied by U. S. S. Ct., 75 S.Ct. 580.

It is our view that appellants' points present no reversible error and each is overruled.

Accordingly, the judgment of the trial court is affirmed.