132

**Harlan GRIMES, Appellant,**

v.

**E. W. ROBITAILLE, Appellee.**

No. 12833.

Court of Civil Appeals of Texas.

Galveston.

May 12, 1955.

Rehearing Denied June 2, 1955.

Harlan Grimes, Grapeland, pro. se.

Adams & McReynolds, Crockett, for appellee.

HAMBLEN, Chief Justice.

This suit was instituted by appellee in the District Court of Houston County to collect for labor performed, services rendered and materials and supplies furnished on behalf of appellant in the operation of an oil and gas leasehold estate upon certain property in Houston County, under authority of an agreed judgment in Cause No. 7997 in the District Court of Houston County. Appellee sued in the alternative on quantum meruit, and further sued for attorneys' fees under the provisions of Art. 2226, V.A.T.S. Appellant answered by alleging the invalidity of the judgment in Cause No. 7997 upon several grounds. By amendment, in response to such answer, appellee pleaded res adjudicata and estoppel by judgment. Trial to the court without a jury resulted in a judgment favorable to the appellee for the amount sued for, both upon the ground that the same was authorized under the terms of the judgment in Cause No. 7997 above mentioned, and upon the ground of quantum meruit.

The judgment is attacked by appellant in thirteen points of error, stated in his brief as follows:

"First Point: The error of the court in depriving appellant of his property *without due process of law* as guaranteed by the first Section of the Fourteenth Amendment to the Constitution of the United States.

"Second Point: The error of the court in denying appellant the equal protection of the law as guaranteed by the first Section of the Fourteenth Amendment to the Constitution of the United States.

"Third Point: The error of the court in denying appellant due process of law as provided by Section 13 of Article 1 of the [Vernon's Ann.St.] Constitution of Texas.

"Fourth Point: The error of the court in depriving appellant of property, privileges

and immunities without due course of law and contrary to Section 19 of Article 1 of the Constitution of Texas.

"Fifth Point: The error of the court in denying appellant equitable relief.

"Sixth Point: The error of the court in refusing to set aside the judgment in case No. 7997.

"Seventh Point: The error of the court in upholding the senile decision in case No. 12,195.

"Eighth Point: The error of the court in allowing excessive amounts as attorneys fees as a punishment to appellant for not accepting senile and fraudulent decisions and judgments.

"Ninth Point: The error of the court in allowing any recovery.

"Tenth Point: The error of the court in allowing claims prohibited by the fraudulent judgment under which appellee sues.

"Eleventh Point: The error of the court in allowing claims not supported by any competent evidence.

"Twelfth Point: The error of the court in finding that appellant stood idly by without contesting in any way any of the items and allowed the continued performance and accepted the benefits.

"Thirteenth Point: The error of the court in refusing to disqualify and to grant a change of venue."

While it is apparent upon the most casual inspection of appellant's stated points that the same fail completely to comply with the provisions of Rule 418, T.R.C.P., the very degree of that failure has invoked in this member of this Court an interest, academically at least, in determining if possible what state of affairs could have provoked even the assertion of such prodigious miscarriage of justice as appellant here complains of. While the examination motivated by that interest has failed to reach the primary objective, it has simplified the labor of reaching a proper disposition of this appeal, as the following brief statement will serve to demonstrate, we feel, convincingly.

All of the argument which appellant presents under his points heretofore stated is directed to the alleged invalidity of a judgment rendered by the District Court of Houston County, Texas, in Cause No. 7997 on the docket of that court. That judgment appears to have been an agreed judgment entered by the mentioned court at the behest of the litigants whose rights are determined thereby, and who are the same parties as are now before this Court. Previous to the entry of that judgment, the legal relationships between the parties which it determines had been the subject of contested litigation in the District Court of Houston County, Cause No. 7773 on the docket of that court. In an appeal from the judgment in Cause No. 7773, this Court affirmed. Grimes v. Talbot, Tex.Civ.App., 233 S.W.2d 206. The Supreme Court of Texas, upon application of the party appellant now before this Court, refused a writ of error, n.r.e. Based upon the adjudication of the rights of the parties thus made, the judgment in Cause No. 7997 was thereafter entered by agreement.

Following the entry of such agreed judgment, those parties who are appellees in the cause now before this Court instituted Cause No. 8053 in the District Court of Houston County, seeking therein to recover for labor performed, services rendered and materials and supplies furnished in accordance with the terms of the agreed judgment in Cause No. 7997. From a judgment favorable to plaintiffs therein, the defendant, who is the appellant now before this Court, appealed. This Court affirmed the judgment. Grimes v. Robitaille, Tex.Civ.App., 257 S.W.2d 359. The Supreme Court of Texas refused a writ of error, n.r.e.

Thereafter, Harlan Grimes, who is the present appellant, instituted Cause No. 8083 in the District Court of Houston County, seeking therein to set aside the judgments in Causes No. 7773 and No. 7997, District Court of Houston County, upon the ground of fraud, and the judgment

**134**

of this Court in Cause No. 12,195, Grimes v. Talbot, Tex.Civ.App., 233 S.W.2d 206, upon the ground of "senility". The District Court of Houston County sustained exceptions leveled by the defendants and dismissed such cause No. 8083. Upon appeal, that cause was transferred to the Court of Civil Appeals at Waco, which court affirmed the judgment of the trial court. Grimes v. Maynard, Tex.Civ. App., 270 S.W.2d 282. The Supreme Court of Texas refused a writ of error on November 24, 1954, which date is subsequent to the date of the judgment now appealed from.

When this present cause was set for submission before this Court, the appellant, though present, did not avail himself of the opportunity to present oral argument. He did, however, favor this Court with a copy of his petition for writ of certiorari to the Court of Civil Appeals for the Tenth Supreme Judicial District of Texas at Waco, addressed to the Supreme Court of the United States, wherein he sought to have reviewed, the opinion of the Court of Civil Appeals at Waco in Grimes v. Maynard, 270 S.W.2d 282. The Supreme Court of the United States denied such petition on April 11, 1955. Grimes v. Maynard, 75 S.Ct. 580.

This suit, as stated, is for the recovery of sums due by appellant to appellees under the terms of the judgment in Cause No. 7997, District Court of Houston County. Save only with respect to the date of accrual of the items sued for, it is in all respects identical as to parties and subject matter with the case of Grimes v. Robitaille, Tex.Civ.App., 257 S.W.2d 359. All of appellant's contentions relative to the validity of the judgment in Cause No. 7997 have heretofore been repeatedly determined adversely to him by this Court, by the Court of Civil Appeals at Waco, by the Supreme Court of Texas, and finally by the Supreme Court of the United States. Modesty, if no other consideration, militates against further discussion.

Judgment affirmed.