Harlan GRIMES, Appellant,

v.

E. W. ROBITAILLE, Appellee.

No. 12951.

Court of Civil Appeals of Texas.

Galveston.

March 8, 1956.

Rehearing Denied March 29, 1956.

Harlan Grimes pro se.

Marshall, King & Jennings, Graham, Adams & McReynolds and Tod R. Adams, Crockett, for appellee.

GANNON, Justice.

This appeal is noteworthy only as an exhibition by the appellant, Harlan Grimes, of extreme recalcitrance and vexatious litigiousness. For background, see the opinions in the following appeals: Grimes v. Talbot, Tex.Civ.App., 233 S.W.2d 206, writ refused, N.R.E.; Grimes v. Robitaille, Tex. Civ.App., 257 S.W.2d 359, writ refused, N.R.E.; Grimes v. Maynard, Tex.Civ.App., 270 S.W.2d 282, writ refused, certiorari denied 349 U.S. 904, 75 S.Ct. 580, 99 L.Ed. 1241; Grimes v. Robitaille, Tex.Civ.App., 279 S.W.2d 132, writ refused.

The judgment below was for the recovery of sums due by appellant to appellee, including attorney's fees, under the terms of an agreed judgment entered in Cause No. 7997 in the District Court of Houston County. In the trial court, appellant, who was defendant there, cross-acted against plaintiff, E. W. Robitaille, and as well against James G. Maynard and Tod R. Adams seeking recovery of $500,000 alleged damages. The judgment of the trial court was favorable to plaintiff Robitaille on the claims asserted against defendant Grimes but denied Grimes as cross-plaintiff any recovery against cross-defendants Robitaille, Maynard, and Adams. Grimes appeals only from the money judgment against him in favor of appellee Robitaille. He does not appeal from the trial court's judgment denying him relief on his cross-action.

Appellant's eight points of error are counterparts, word for word, of his points of error First, Second, Third, Fifth, Sixth, Seventh, Eighth, and Ninth raised by him in Grimes v. Robitaille, Tex.Civ.App., 279 S.W.2d 132, writ refused. All of these points have heretofore been ruled against appellant by this Court. These rulings, as well as the grounds thereof have been adopted by the Supreme Court as evidenced by

its outright refusal of a writ. We adopt as applicable here our opinion in the former appeal, Grimes v. Robitaille, 279 S.W. 2d 132.

■ The trial court rendered judgment for attorney's fees not only for legal services in the trial court but also covering the various steps in a possible appeal. By cross-point, appellee complains of the inadequacy of the $200 allowance as attorney's fees for services rendered in the trial court and asks that we modify the judgment by increasing the award to $450. This we have no power or jurisdiction to do. Smith v. Texas Co., Tex.Com.App., 53 S.W.2d 774. While we do have power to require a remittitur of an excessive allowance as a condition to affirmance and also to remand for inadequacy, we are not authorized to increase the trial court's allowance of attorney's fees. White v. Cotton, Tex.Civ.App., 72 S.W.2d 669.

■ Appellee has filed a motion invoking the provisions of Rules 435 and 438, Texas Rules of Civil Procedure, the one permitting and the other requiring an assessment as damages or penalty of 10% on the amount in dispute when we find the appeal to have been taken "for delay and that there was no sufficient cause for taking such appeal." When invoked, the mandatory provisions of Rule 438 open "up the entire record and require a reversal of the judgment for any material error, whether assigned or not." 3–B Tex.Jur., Sec. 969, page 512. Since, when an appellee invokes the provisions of Rule 438, we are required to examine the entire record for possible reversible error, we have carefully reviewed it but find nothing improper or prejudicial to appellant in the proceedings below.

The trial court's judgment awarding attorney's fees reads as follows:

"It is further Ordered, Adjudged and Decreed that Plaintiff E. W. Robitaille, do have and recover of and from the defendant Harlan Grimes the sum of two hundred ($200.00) Dollars as attorneys fee for the services rendered by Adams & McReynolds through and including the trial in the District Court of Houston County, Texas, and if an appeal is taken from this judgment to the Court of Civil Appeals at Galveston, that plaintiff have and recover of and from defendant the additional sum of two hundred and fifty ($250.00) Dollars as attorneys fee for the services of plaintiff's attorney in such appeal, and if an application is filed in the Supreme Court of Texas for a writ of error that plaintiff have and recover of and from the defendant, Harlan Grimes, the additional sum of two hundred ($200.00) Dollars as attorneys fee for the services of plaintiff's attorney upon such application for said writ; and if an application is made to the Supreme Court of the United States for a writ of certiorari, that plaintiff have and recover of and from the defendant, the additional sum of four hundred ($400.00) Dollars as attorneys fee for the services of plaintiff's attorney upon such application for such writ."

■ Upon first consideration, we were somewhat concerned lest perhaps this provision of the judgment be void in part because conditioned upon the happening of contingencies which could not occur until after the judgment was rendered. However, the judgment is essentially the same in respect to attorney's fees in this Court, the Supreme Court of Texas, and the Supreme Court of the United States, as that affirmed in Scanlan v. Gulf Bitulithic Co., Tex.Civ.App., 27 S.W.2d 877, 880. It was there said of such a judgment: "Appellee's right to such fee necessarily included reasonable fee for such services up to final judgment. If such services at added cost were required on appeal, a reasonable fee therefor would be included also. The judgment was for a definite sum, with a credit of a definite sum upon a contingency, dependent entirely upon the election of the appellants. When they appealed, the contingency was removed, and there remained no facts for those executing such judgment to ascertain and determine which were not stated in the judgment. See Hendryx v. W. L. Moody Cotton Co., Tex.Civ.App., 257 S.W. 305, 307; 33 C.J. 1202."

We are satisfied the judgment for appellate attorney's fees is not erroneous.

■ Since there is no conceivable good faith, legitimacy or probable cause for appellant taking this appeal and since plainly it was taken without sufficient cause and for delay only, it is our mandatory duty to assess as damages 10% on the amount in dispute at this point, to wit: $1,742.57. The judgment will be affirmed with an additional allowance of $174.26 under the provisions of Rule 438, T.R.C.P.

Affirmed with damages.

CODY, J., not sitting.