119 So.2d 811 (1960)
Mattie TAYLOR, a Widow, and Sam Taylor, a Single Man, Appellants,
v.
Viola TAYLOR, a Widow, Samson Green, Benjamin Green, Rachel St. Clair, Joe Green and Beatrice Green, Appellees.
No. 1542.
District Court of Appeal of Florida. Second District.
April 20, 1960.
*812 Dayton, Dayton & Luckie, Dade City, and David A. Davis, Bushnell, for appellants.
P.B. Howell, Bushnell, for appellees.
SMITH, FRANK A., Associate Judge.
This was a suit to partition approximately 92 acres of land, and this is the second appeal in the case. On the prior appeal, which was also taken by the plaintiffs, this court reversed the lower court. The effect of this court's opinion on that appeal was to hold that the appellants own an undivided three-fifths interest and that the defendants own an undivided two-fifths interest in the lands. The chancellor was directed to hold hearings for the purpose of "determining the amount paid for taxes as well as other proper charges, expenditures and allowances that should be accounted for and borne by the co-tenants. Each co-tenant shall be liable for such sums as shall be found chargeable and due in proportion to his interest and same shall be secured by his interest in the lands. In addition each co-tenant shall pay a share of the costs and charges including attorney's fee incurred by appellants arising from the suit for partition as provided by the partition statute. See 66.08, Florida Statutes [F.S.A.]"
Pursuant to this court's mandate, the lower court took further testimony and entered his decree ordering that the appellees be reimbursed for the pro rata share of taxes chargeable to appellants but paid by appellees, and further charging the appellants with the pro rata share of rent which would have been due to appellees over the years since the appellants have been in possession of the land. Interest was also allowed on these amounts, the result being that the interest over the years amounted to more than the principal amounts. The circuit court also fixed attorneys' fees for plaintiffs' attorneys at $500.00 and prorated this according to ownership of the lands.
The plaintiff, Mattie Taylor, lived on the property since 1935; and her son, Sam Taylor, also resided there. It appears that about 19 to 25 acres around the old house were cleared and subject to cultivation, while the remaining lands are described as wild lands. It doesn't appear that there was objection to occupancy of the lands by the plaintiffs. The lower court found that the lands were worth $9,000.00. It was ordered that a reasonable rental was $200.00 per year and that plaintiffs should account to the defendants for two-fifths of that amount or $80.00 per year plus interest. This rental amount, computed over a period of twenty-four years, was decreed by the court to be $1,920.00 principal and $3,398.56 interest, or a total of $5,318.56. The court further found that defendants had paid $285.93 in taxes, of which amount the plaintiffs owed $171.57. Thus the total found to be due the defendants from the plaintiffs was $5,490.13. A lien was provided in favor of defendants against the interest of the plaintiffs.
Sometime during trial of the suit a survey was made of the property, incurring an expense of $350.00. The court declined to allow this item as a matter of costs and declined to prorate it against the interest of the parties.
Plaintiffs' Point No. 1 is that since the plaintiffs who owned an undivided 3/5 of the land, only occupied about 25% of the total lands involved in the suit and their tenancy (possession) was never objected to by the other co-tenants and plaintiffs never objected to occupancy of the lands involved by other co-tenants and since the lands have no rental value, plaintiffs should not have been charged with rental and interest thereon.
The record does not show that the property had any rental value but instead the only testimony on the point is definitely *813 to the effect that the property had none. The only evidence at variance therewith was to the effect that for one year plaintiffs rented it for $50.00 for the growing of watermelons.
The chancellor determined that the rental value was $200 per year, but the record is devoid of any competent testimony on which to base such a finding even if defendants were entitled to same, which we do not so find. While it was rented for one year for growing watermelons, the court takes judicial notice of the fact that land is not usable to grow melons year after year. The only rent for which plaintiffs should be held to account is the $50 for one year. This assignment of error must be sustained.
In the case of Potter v. Garrett, Fla. 1951, 52 So.2d 115, relied upon by appellants, the court held that the defendant was entitled to have credited against the amount of plaintiff's recovery for mortgage payments, taxes and other moneys paid for the benefit of the property, one-half of the sums found to be a reasonable rental for the use of the property during the time it was occupied by the plaintiff, but this decision does not purport to overrule the previous decisions of our courts denying liability of a tenant in common for the rental value to his co-tenant for his exclusive enjoyment of occupancy of the premises. Bird v. Bird, 15 Fla. 424; also see Annotation 51 A.L.R.2d 388.
Plaintiff offered the testimony of an attorney practicing in Dade City, Florida, to the effect that he had examined the court file and upon his inquiring as to the value of the property involved was informed by counsel that they agreed it was approximately $200 per acre. Apparently he used this information in computing the amount of $2300 to which he testified. Also the parties agreed to receive the testimony of Mr. Joseph Johnson, an attorney practicing in Brooksville, Florida, in the form of an affidavit. His opinion was to the effect that $2,440.00 was a reasonable fee for the services of attorneys for plaintiffs. There was no showing as to the extent or character of services performed by counsel other than reflected by the court file examined by the attorneys who testified. It is true that the chancellor was aware of the extent and character of their services when they were before him, but it well may be that he took the above opinions into consideration in reaching his conclusion as to what constituted a reasonable fee. Under our decisions the opinions of expert witnesses are not binding upon the court.
Point No. 3 is based upon an assignment that the court refused to allow plaintiffs a lien for $350.00 for expense of having the property surveyed in accordance with directions from the court. This assignment is overruled for the reason that there was no order made authorizing or requiring same and the chancellor stated that he had no recollection of having expressed his approval of having the survey made.
Point No. 4 is based upon an assignment that the court erred in finding the value of the property to be $9000.00. The materiality of this finding is doubtful except as to the value of the land as a proper factor to be considered in connection with the reasonableness of value of services rendered by counsel in the suit. Since the record contains no evidence to support such a finding this assignment will be sustained.
The testimony discloses that Viola Taylor, one of the defendants, has died during the pendency of the suit and prior to the entry of decree, but there has been no suggestion to the court of abatement and for substitution of her heirs or devisees. It is to be assumed that appropriate procedure will be taken to remedy such deficiency in the lower court after remand of the cause.
The petition praying for attorneys' fee to be allowed appellants' attorneys for services rendered in this appeal is granted and fixed in the sum of Two Hundred *814 Fifty Dollars ($250.00) to be paid the same as other costs. Curtis v. Curtis, 157 Fla. 627, 26 So.2d 902.
The decree is reversed for the reasons above stated and remanded for further proceedings in the Circuit Court in conformity herewith.
ALLEN, C.J., and SHANNON, J., concur.