INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,

v.

Mintie Beatrice SPRAY et ux., Appellees.

No. 4430.

Court of Civil Appeals of Texas, Eastland.

Nov. 23, 1970.

Rehearing Denied Dec. 18, 1970.

A. J. Bryan, David F. Farris, Ft. Worth, for appellant.

Bradbury, Tippen & Cross (Bryan Bradbury), Abilene, for appellees.

WALTER, Justice.

Mr. and Mrs. Preston Spray recovered a judgment against International Security Life Insurance Company on a hospital and medical expense policy for $1,147.00, statutory penalty in the amount of $137.64 and $1,750.00 attorney's fees.

The Company has appealed contending (1) the court erred in awarding an excessive amount of attorney's fees, (2) in rendering a conditional judgment and (3) in imposing a penalty upon appellant for exercising its right of appeal.

The judgment provides:

"It is further ORDERED, ADJUDGED AND DECREED by the court that the plaintiff herein have and recover judgment of and from the defendant in the sum of $1750.00 as attorney's fees, and it is the further judgment of the court that if defendant herein does not appeal this cause, the said judgment should be credited with $1,000.00 as attorney's fees, leaving recovery for attorney's fees herein the sum of $750.00. It is the further judgment of the court that if the defendant appeals this cause to the Court of Civil Appeals and said cause is not carried by appeal or writ of error to the Supreme Court of Texas, that its judgment be credited with the sum of $500.00 on attorney's fees, leaving recovery for attorney's fees herein in the sum of $1250.00."

This was a non-jury case and the court heard evidence on the reasonableness of the attorney's fees. The record contains some evidence of probative force supporting the judgment for attorney's fees. The appellant has failed to discharge its burden of showing that the amount of attorney's fees is excessive.

Appellant's other points have been decided contrary to its contentions in Grimes v. Robitaille, Tex.Civ.App., 288 S.W.2d 211, (writ ref. n. r. e.) and in Scanlan v. Gulf Bitulithic Company, Tex.Civ.App., 27 S.W.2d 877 (reversed on other grounds).

The judgment is affirmed.