**INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,**

v.

**Ralph C. DICKSON, Appellee.**

**No. 6165.**

Court of Civil Appeals of Texas, El Paso.

Feb. 17, 1971.

Rehearing Denied March 10, 1971.

Bryan & Amidei, A. J. Bryan Frank Pope, Jr., Fort Worth, for appellant.

W. R. Barnes, Odessa, for appellee.

OPINION

PRESLAR, Justice.

This is a suit brought by appellee, as plaintiff, to recover medical and hospital benefits under a policy of insurance issued by the appellant, International Security Life Insurance Company. Trial before the court resulted in judgment for the plaintiff under the policy coverage in the amount of $3,227.05, plus $1,300.00 attorney's fees and $387.24 as twelve per cent statutory penalty under the provisions of Article 3.62–1, V.A.T.S., Insurance Code. We affirm the judgment.

The sole point of error is that the amount of the attorney's fee is excessive. Article 3.62–1, in part, provides: " * * * together with reasonable attorneys fees for the prosecution and collection of such loss. Such attorneys fees shall be taxed as a part of the costs in the case. The court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy."

Benefits incident to the prosecution of this suit are: recovery of the money judgment, and the prevention of cancellation of the policy, which was sought by the insurance company. This was a valuable bene-fit to one in the state of health of the insured, for he is probably no longer insurable, and this policy contains a guaranteed renewable provision. Also, the amount allowed as attorney's fees is supported by evidence of the services rendered. The attorney who tried the case was in trial on the matter three days, and the testimony is that it was standard practice in the area to charge $350.00 per day of trial. Contrary to appellant's contention, we think testimony as to "standard practice" in the area is synonymous with "usual and customary". There is evidence of much work in the preparation of interrogatories and the taking of depositions; numerous telephone calls and conferences between client and attorney; preparation for trial, both in and out of the office, and the standard practice of charges for such work. The contention that the fee allowed is excessive, and therefore not reasonable, is without merit.

The judgment of the trial court is affirmed.