INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Petitioner,

v.

Mintie Beatrice SPRAY et vir, Respondent.

No. B–2531.

Supreme Court of Texas.

May 26, 1971.

Rehearing Denied June 23, 1971.

A. J. Bryan, David F. Farris, Fort Worth, for petitioner.

Bradbury, Tippen & Cross, Bryan Bradbury, Abilene, for respondent.

REAVLEY, Justice.

Mr. and Mrs. Preston Spray recovered judgment against International Security Life Insurance Company on a hospital and medical expense policy. That judgment has been affirmed by the court of civil appeals. 461 S.W.2d 176. The insurance company objects here only to the award of attorney fees. It contends that there is no permissible manner, under Texas judicial precedent, whereby attorney fees for the appellate phase of the litigation may be recovered. If that be the effect of precedent, it will now be corrected.

The policy was issued on May 15, 1968. In April and May of 1969 Mrs. Spray suffered from persistent and severe nosebleed. She was hospitalized for ten days, and finally an artery ligation performed by an ear, nose and throat specialist stopped the bleeding. In response to the claim under the policy, the insurance company on July 8, 1969 wrote to Mr. Spray advising that no benefits could be paid for the reason that "the cause of any such disabilities originated before the effective date" of the policy.

This suit was filed October 16, 1969 in the county of the residence of Mr. and Mrs. Spray. A plea of privilege was first filed by the insurance company. The company failed to appear at the venue hearing, and the plea of privilege was overruled on December 18, 1969. A plea in abatement was also filed, and the company denied that it was liable for any amount. Fourteen exclusions within the policy were specifically pleaded—ranging from treatment for narcotic addiction to injuries caused by war.

The case was reached for trial on May 8, 1970. The statement of facts contains the testimony of Mrs. Spray, her doctor, and her attorney. No evidence was presented by the insurance company, and its attorney did little more than cross-examine her attorney briefly on the matter of reasonableness of attorney fees.

The trial court entered judgment for the plaintiffs on May 8, 1970 for $1147, plus $137.64 penalty, plus attorney fees. The insurance company's notice of appeal was incorporated in the final judgment. The only points of error presented to the court of civil appeals were directed at the excessiveness and impropriety of attorney fees. The question of excessiveness has been disposed of by the court of civil appeals, and we face only the question as to whether this portion of the judgment was effective as entered by the trial court. The provision in the trial court's judgment awarding attorney fees reads as follows:

"It is further ORDERED, ADJUDGED AND DECREED by the court that the plaintiff herein have and recover judgment of and from the defendant in the sum of $1750.00 as attorney's fees, and it is the further judgment of the court that if defendant herein does not appeal this cause, the said judgment should be credited with $1,000.00 as attorney's fees, leaving recovery for attorney's fees herein the sum of $750.00. It is the further judgment of the court that if the defendant appeals this cause to the Court of Civil Appeals and said cause is not carried by appeal or writ of error to the Supreme Court of Texas, that its judgment be credited with the sum of $500.00 on attorney's fees, leaving recovery for attorney's fees herein in the sum of $1250.00."

Article 3.62 V.A.T.S. Insurance Code, provides that "where a loss occurs and the * * * company * * * liable therefor shall fail to pay the same within thirty days after demand therefor," the company becomes liable for 12% of the loss "together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case."

█ The statute provides for recovery of reasonable attorney fees which the insured must pay to his attorney because of the necessity of pursuing legal action to collect the loss covered by the policy. The purpose of the statute would be defeated if only the fees incurred in the trial court were recoverable and the fees incurred during the appeal remained the expense of the policyholder. No such distinction or limitation may be found in Article 3.62. When it imposes liability on the company for "reasonable attorney fees for the prosecution and collection of such loss," it includes all fees incurred for that purpose.

██ The decision as to the amount of attorney fees for appellate services is made by the appellate court in some jurisdictions. E.g., Rauch v. First National Bank in Little Rock, 244 Ark. 941, 428 S.W.2d 89 (1968); Zingheim v. Marshall, 249 Cal. App.2d 736, 57 Cal.Rptr. 809 (1967); Taylor v. Taylor, 119 So.2d 811 (Fla.App. 1960). However, it has been decided in Texas that the award of any attorney fee is a fact issue which must be passed upon by the trial court. The appellate court may review that determination just as it is authorized by its jurisdiction to review other determinations of fact made by the trial court. The court of civil appeals may, for example, require a remittitur if it determines that the award of the trial court is excessive. The court of civil appeals may not initiate an award, since this would be the exercise of original rather than appellate jurisdiction. Smith v. Texas Co., 53 S.W.2d 774 (Tex.Com.App.1932).

█ Faced with the necessity of awarding the policyholder what the statute entitles him to receive, the trial judge may choose to allow an attorney fee large enough to protect the prevailing party in the event of an appeal. But it is the better practice to allocate the fee only if the additional work is actually done. To do so the trial judge is faced, as are we, with the opinion in Cooksey v. Jordan, 104 Tex. 618, 143 S.W. 141 (1912). The trial court there had awarded a recovery by Huggins against Cooksey of the sum of $150 as a reasonable attorney fee. The judgment further provided for the sum of $250 as attorney fees "in the event of an appeal." The award of $150 was considered by the Supreme Court to be the final and unconditional judgment. The award of the additional sum was held to be invalid. Similar judgments have been invalidated insofar as they added an extra fee in the event of subsequent appeal. Grimes v. Robitaille, 288 S.W.2d 211 (Tex.Civ.App.1956, writ ref'd. n. r. e.); Preferred Life Ins. Co. v. Dorsey, 281 S.W.2d 368 (Tex.Civ.App. 1955, writ ref'd n. r. e.).

█ The form of this trial court judgment, quoted above, differs from that of the Cooksey case in that a total award is first fixed and then a proviso is added which reduces the award by remittitur in the absence of appellate steps. This form of judgment has been approved in several cases before the courts of civil appeals, one of which has said: "If the remittitur casts doubt on the finality of the judgment there is no reason why it may not be disregarded for appeal purposes as in Cooksey." Security Life Ins. Co. v. Executive Car Leasing Co., 433 S.W.2d 915, 919 (Tex.Civ.App. 1968, writ ref'd n. r. e.); Central States Life Ins. Co. v. Byrnes, 375 S.W.2d 330 (Tex.Civ.App.1964, writ ref'd n. r. e.); American Bankers Ins. Co. v. McDonald, 369 S.W.2d 688 (Tex.Civ.App.1963, writ dism'd); Scanlan v. Gulf Bitulithic Co., 27 S.W.2d 877 (Tex.Civ.App.1930, rev'd on other grounds Tex.Com.App., 44 S.W.2d 967).

■ A final judgment must be definite and certain, but this certainty is not dissipated simply because the district clerk has to compute costs to add to the amount of the judgment or to deduct a remittitur that is ordered. So long as the judgment of the court makes the figure which the clerk is to place in the writ of execution determinable by ministerial act, the judgment cannot be said to lack definiteness. Annotation, 55 A.L.R.2d 723, 728.

■ As quoted above, Art. 3.62 classifies these attorney fees as costs of court. This should not be critical to the question before us. The point is that the clerk of court is faced with no greater problem in subtracting a $500 attorney fee, when the papers on file with him show that no application for writ of error was made to the Supreme Court, than he would have in adding a $25 court cost filing. fee. Furthermore, the form of the judgment is not the controlling matter here so long as certainty is achieved. The holding in Cooksey is therefore overruled.

The judgment of the court of civil appeals is affirmed.