**INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,**

v.

**Nannie E. BOLES, Appellee.**

**No. 4431.**

Court of Civil Appeals of Texas, Eastland.

May 28, 1971.

Rehearing Denied June 18, 1971.

A. J. Bryan, Fort Worth, for appellant.

Schulz, Hanna & Burke, Bob Hanna, Abilene, for appellee.

McCLOUD, Chief Justice.

Nannie E. Boles was granted a judgment in a non-jury case against International Security Life Insurance Company on a hospital and medical expense policy in the amount of $2,776.20.

Appellant, International Security Life Insurance Company, has appealed and contends that the trial court erred (1) in awarding excessive attorney fees of $750.00 for services rendered at the trial court level, on a claim of $617.70; and (2) in awarding attorney fees in the event of an appeal.

The judgment provides:

"* * * it is accordingly ORDERED, ADJUDGED AND DECREED that plaintiff have and recover judgment of and from the defendant International Security Life Insurance Company in the amount of Two Thousand Seven Hundred Seventy Six and 20/100 ($2,776.20) such amount being based on the following items:

1. Hospital Expense      $431.75

2. Doctor bills      $172.00

3. Attorney's fees through the trial Court      $750.00

Attorney's fees through
the Court of Civil Appeals $500.00
Attorney's fees through
Application for Writ of
Error to the Supreme
Court of Texas $500.00
Attorney's fees through the
Supreme Court of Texas if
Writ of Error is granted $350.00

4. $72.45 for 12% penalty

It is further ORDERED that in the event this case is not appealed to the Court of Civil Appeals that all the attorney's fees awarded herein beyond the trial court, shall automatically be remitted; further, in the event of an appeal by the defendant to the Court of Civil Appeals and the verdict in such Court is affirmed for the plaintiff, that all attorney's fees awarded plaintiff for effort beyond the Court of Civil Appeals is ordered remitted automatically; further, in the event the case is appealed to the Court of Civil Appeals and is affirmed for plaintiff, and a Writ of Error to the Supreme Court of the State of Texas is applied for by defendant, and said Writ is not granted by the Supreme Court of Texas, that the portion of the attorney's fees awarded beyond that point is ordered remitted automatically."

■ The trial court awarded attorney fees of $750.00 for legal services rendered at the trial court level. Appellant in its brief argues that such award was excessive and "a proper award of attorney's fees under the facts in the case would be one not in excess of $500.00". The trial court heard evidence as to the reasonableness of the attorney fees. We hold that the record contains probative evidence to support the award as made by the trial court and that such award was not excessive.

■ Appellant next complains of the awarding of attorney fees in the event of an appeal. Our Supreme Court answered such argument in International Security Life Insurance Company v. Spray et vir, 468 S.W.2d 347 (Tex. May 26, 1971). The Court said:

"Article 3.62 V.A.T.S. Insurance Code, provides that 'where a loss occurs and the * * * company * * * liable therefor shall fail to pay the same within thirty days after demand therefor,' the company becomes liable for 12% of the loss 'together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case.'

The statute provides for recovery of reasonable attorney fees which the insured must pay to his attorney because of the necessity of pursuing legal action to collect the loss covered by the policy. The purpose of the statute would be defeated if only the fees incurred in the trial court were recoverable and the fees incurred during the appeal remained the expense of the policyholder. No such distinction or limitation may be found in Article 3.62. When it imposes liability on the company for 'reasonable attorney fees for the prosecution and collection of such loss,' it includes all fees incurred for that purpose."

The Court further stated:

"A final judgment must be definite and certain, but this certainty is not dissipated simply because the district clerk has to compute costs to add to the amount of the judgment or to deduct a remittitur that is ordered. So long as the judgment of the court makes the figure which the clerk is to place in the writ of execution determinable by ministerial act, the judgment cannot be said to lack definiteness. Annotation, 55 A.L.R.2d 723, 728."

The judgment is affirmed.