**BANKERS COMMERCIAL LIFE INSURANCE COMPANY, Appellant,**

v.

**John T. RAMEY, Appellee.**

No. 17279.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 4, 1972.

Kelsoe & Paternostro, and G. H. Kelsoe, Jr., Dallas, for appellant.

Jacobs & Glazner, and Joe D. Taylor, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This is a case brought by John T. Ramey, plaintiff, against Bankers Commercial Life Insurance Company, arising out of a suit for breach of a health insurance policy.

The following stipulation was entered into between the attorneys of both sides prior to the offer of any evidence in the case and outside the presence or hearing of the jury:

"THE COURT: Prior to the offer of any evidence in this case the parties have stipulated that the only issues in this case are: One, whether the sickness of 1970 was the same sickness as of 1966. Two, the amount of attorneys' fees to be awarded plaintiff's counsel. Three, whether exemplary damages are recoverable in this case

and if so how much. There is no issue as to whether the charges made by the doctor or the hospital are the usual or customary charges, nor are there any other disputes which must be resolved by the jury as far as contested issues are concerned."

The case was tried before a jury and judgment was rendered for plaintiff in the amount of $179.90, together with $21.59 representing statutory penalty under Article 3.62 of the Insurance Code of the State of Texas, and $900.00 attorneys' fees, all with interest at the rate of six per cent from the date of judgment. This appeal is from that judgment based upon five points of error.

Points one, two and four complain of no evidence and insufficient evidence to support the verdict.

■ The third point asserts that the $900.00 attorneys' fees awarded to appellee is manifestly too large in view of the amount in controversy and is therefore inequitable and excessive.

By its fifth and final point the appellant contends the court erred in not submitting Special Issue No. 2 conditionally upon Special Issue No. 1, as such failure constitutes a comment on the weight of the evidence.

We affirm.

The parties stipulated as to the only issues in the case. The testimony of the appellee and the deposition testimony of his physician, an expert in urology, who performed both operations on him, were received without objection.

Attorneys' fees awarded appellee in this case were reasonable and clearly supported by ample evidence. Testimony of one of the attorneys who worked on the case detailing the actions required and time spent prior to trial, and the testimony of an expert witness, a practicing attorney not associated with this case, clearly and persuasively established that the attorneys' fees awarded by the court and jury were reasonable. See Art. 3.62, Insurance Code,

V.A.T.S.; International Security Life Insurance Company v. Spray, 461 S.W.2d 176, (Eastland Tex.Civ.App., 1970, affirmed 468 S.W.2d 347, Tex.Sup., 1971); International Security Life Insurance Company v. Dickson, 464 S.W.2d 414 (El Paso Tex.Civ.App., 1971, writ dism.); Texas Law of Evidence, McCormick and Ray, Second Edition, 1956, Sec. 1402; American Exchange Life Insurance Company v. Willis, 433 S.W.2d 945 (Tyler Tex.Civ.App., 1968, no writ hist.); Combined American Insurance Company v. Jordan, 403 S.W.2d 811, 815 (Amarillo Tex. Civ.App., 1966, ref., n. r. e.).

There were no objections to the court's charge and no request made to submit any of the issues conditional upon another. There was no claim of such error in the motion for a new trial. As noted, the parties to this suit stipulated precisely what issues were involved.

■ We have carefully examined the entire record in this cause and find ample evidence to support the verdict in favor of the appellee.

"Since there were no exceptions or objections taken to the court's charge (nor request for instructions) prior to its submission to the jury the points of error as to evidence are limited to questions of 'no evidence' under Rule 272, Texas Rules of Civil Procedure, Scott v. Doggett, 226 S.W.2d 183 (Amarillo Tex.Civ.App., 1949, ref. n. r. e.), and authorities cited. We see no necessity in making a detailed statement of the evidence on affirmance. Rules 272, 273 and 274, T.R.C.P., likewise, control the points concerning instructions where none are requested." City of Wichita Falls v. Thompson, 431 S.W.2d 909 (Fort Worth Tex.Civ.App., 1968, ref., n. r. e.).

■ Appellant's claim of fundamental error on the part of the court in failing to conditionally submit the issue on attorneys' fees is untenable. We overrule all points of error and affirm the judgment of the trial court.

Affirmed.