IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-001-CV





DAVID LEN ROSSER,



 APPELLANT


vs.





HIGHLANDS INSURANCE COMPANY,



 APPELLEE


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. CV91-1140-A, HONORABLE JOHN E. SUTTON, JUDGE



 



O R D E R



PER CURIAM



 Appellant David Len Rosser appealed from a take-nothing judgment rendered by
the district court of Tom Green County in his suit seeking workers' compensation benefits. This
Court dismissed the appeal on the motion of appellee Highlands Insurance Company. Rosser v.
Highlands Ins. Co., No. 3-93-001-CV (Tex. App.--Austin Feb. 3, 1993, no writ) (not designated
for publication); see Tex. R. App. P. 54(a), 60(a)(1).

 Thereafter, Highlands filed a motion for approval of attorney's fees requesting that
this Court approve and order payment of attorney's fees, (1) pursuant to the Texas Workers'
Compensation Act, Tex. Rev. Civ. Stat. Ann. art. 8308-4.091 (West Supp. 1993) ("4.091"). This
provision requires the Texas Workers' Compensation Commission or a court to approve the
amount of a fee paid for defending an insurance carrier in a workers' compensation action. 
4.091(a). The court is to determine whether the fees are reasonable and necessary and shall
consider issues analogous to those listed in Tex. Rev. Civ. Stat. Ann. art. 4.09(c) (West Supp.
1993). 4.091(b),(c).

 Although supported by a copy of the attorney's fees statement, Highlands' motion
was neither verified nor supported by a sworn affidavit. See Tex. R. App. P. 19(d). This Court
overruled the motion on March 4, 1993. Highlands has now filed a motion asking this Court to
reconsider its disposition of the original motion.

 This Court has the jurisdiction to ascertain only matters of fact necessary to the
exercise of its jurisdiction. Tex. Gov't Code Ann. § 22.220(a),(b) (West 1988). The question
of reasonable and necessary attorney's fees is a question of fact. International Security Life Ins.
Co. v. Spray, 468 S.W.2d 347, 349 (Tex. 1971); Pelto Oil Corp. v. CSX Oil & Gas Corp., 804
S.W.2d 583, 588 (Tex. App.--Houston [1st Dist.] 1991, writ denied) (for appellate court to initiate
award of attorney's fees would be exercise of original rather than appellate jurisdiction); Gonzalez
v. Nielson, 770 S.W.2d 99, 102 (Tex. App.--Corpus Christi 1989, writ denied) (amount of
reasonableness of attorney's fees is question of fact involving various intangible factors). Because
of our limited fact-finding jurisdiction, this Court questions whether we can afford Highlands the
relief requested. Nevertheless, we are cognizant of the fact that Highlands is attempting, in good
faith, to comply with the provisions of a completely rewritten version of the workers'
compensation law. On its face, that law appears to require approval for all attorney's fees a
claimant and a defendant incur.

 Since the statute arguably requires approval of all attorney's fees, this Court grants
the motion for rehearing and reinstates Highlands' motion for approval of attorney's fees. This
Court directs Highlands Insurance Company to set the matter of approval of defense attorney's
fees for hearing in the District Court of Tom Green County, 51st Judicial District, in accord with
Tex. Rev. Civ. Stat. Ann. art. 8308-4.091 (West Supp. 1993). We further direct that the district
court may hear argument and evidence regarding the matter and may render any order necessary
in accord with Tex. Rev. Civ. Stat. Ann. art. 8308-4.091 (West Supp. 1993). See generally Ex
parte Boniface, 650 S.W.2d 776, 778 (Tex. 1983).

 This Court stays issuance of its mandate pending disposition of the matter in the
trial court. Highlands Insurance Company is directed to notify the Clerk of this Court, in writing,
of the trial-court action and to tender a certified copy of the relevant order. Because we consider
the trial court to be the proper forum to determine the issue of approval of Highlands' attorney's
fees, (2) we dismiss the motion for approval of attorney's fees.

 It is so ordered this 14th day of April 1993.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Filed: April 14, 1993

[Do Not Publish]
1. In its motion for rehearing, Highlands emphasizes that it does not seek defense attorney's
fees from Rosser or any recovery awarded him or request that attorney's fees be taxed as costs.
2. We note that a trial court usually determines the issue of attorney's fees on appeal before
the appeal. See International Life Ins. Co. v. Spray, 468 S.W.2d 347, 349 (Tex. 1971); Cronin
v. Bacon, 804 S.W.2d 265, 268 (Tex. App.--Fort Worth 1992, writ denied).; City of Bridge City
v. City of Port Arthur, 792 S.W.2d 217, 229 (Tex. App.--Beaumont 1990, writ denied), cert.
denied, U.S. , 113 L.Ed.2d 721 (1991).