



# MEMORANDUM OPINION

No. 04-09-00375-CV

**EDWARDS AQUIFER AUTHORITY**,
Appellant/Cross-Appellee

v.

Bobby **HORTON** and Lawrence Del Papa, Jr.,
Appellees/Cross-Appellants

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 07-03-25684-CV
Honorable Mickey R. Pennington, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed: February 3, 2010

AFFIRMED IN PART; REVERSED IN PART

Edwards Aquifer Authority ("EAA") appeals the trial court's order dismissing the third-party claims asserted against EAA by Bobby Horton and Lawrence Del Papa, Jr. Although EAA contends the trial court properly dismissed the third-party claims, EAA asserts the trial court erred by denying its counterclaim for attorney's fees. Horton and Del Papa filed a cross-appeal asserting: (1) EAA failed to timely appeal the order; and (2) the trial court erred in dismissing their third-party claims.

Holding that we have jurisdiction to consider this appeal, we affirm the dismissal of the third-party claims; however, we reverse the portion of the trial court's order denying EAA's counterclaim for attorney's fees.

## BACKGROUND

Horton and Del Papa purported to convey 400 acre-feet per annum of base irrigation groundwater to A&S Ranch, Ltd. in connection with the conveyance of approximately 368 acres of real property. When EAA subsequently advised Horton and A&S that only 242 acre-feet per annum of base irrigation groundwater were conveyed as a result of the transaction, A&S sued Horton and Del Papa pursuant to the terms of their agreement.

Horton and Del Papa filed third-party claims against EAA and other third-party defendants. Horton and Del Papa asserted a takings claim against EAA in addition to claims for promissory estoppel and tortious interference with contract. EAA filed both a motion for summary judgment and a motion to dismiss for lack of jurisdiction. The trial court granted the motion to dismiss but denied EAA's counterclaim for attorney's fees.

Believing that the trial court had not properly disposed of its counterclaim, EAA sought a second hearing on the claim. The trial court, however, ruled that the counterclaim was denied by the prior order. The trial court subsequently granted a severance with regard to the claims against EAA.

## JURISDICTION

Horton and Del Papa contend this court lacks jurisdiction to consider EAA's appeal because EAA failed to timely file a notice of appeal from the trial court's order granting the motion to dismiss. The trial court's order, however, did not dispose of A&S's claims against Horton and Del Papa or Horton and Del Papa's third-party claims against the other third-party defendants. Because

the trial court's order did not dispose of all claims and parties, the order was not final and appealable until the trial court granted the severance. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995). EAA timely filed its appeal after the severance was granted.

### ATTORNEY'S FEES

Section 36.066(g) of the Texas Water Code provides as follows:

> If the district prevails in any suit other than a suit in which it voluntarily intervenes, the district may seek and the court shall grant, in the same action, recovery for attorney's fees, costs for expert witnesses, and other costs incurred by the district before the court. The amount of the attorney's fees shall be fixed by the court.

TEX. WATER CODE ANN. 36.066(g) (Vernon 2008). A trial court's award of attorney's fees is typically reviewed on appeal under an abuse of discretion standard. *Doncaster v. Hernaiz*, 161 S.W.3d 594, 606 (Tex. App.—San Antonio 2005, no pet.). Because § 36.066(g) of the Texas Water Code mandates that attorney's fees be awarded, however, the trial court in this case did not have the discretion to award no attorney's fees to EAA if EAA prevailed. *Bocquet v. Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998); *Ski Masters of Texas, LLC v. Heinemeyer*, 269 S.W.3d 662, 674 (Tex. App.—San Antonio 2008, no pet.).

A prevailing party is one who is vindicated by the trial court's judgment. *Ins. Co. of State of Penn. v. Orosco*, 170 S.W.3d 129, 134 (Tex. App.—San Antonio 2005, no pet.). Here, EAA sought and obtained a dismissal of Horton and Del Papa's claims against it. Therefore, EAA "prevailed" and was entitled to recover attorney's fees. *Id.* (holding party obtaining dismissal of claim against it is a prevailing party); *see also Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 257-58 (Tex. App.—Dallas 2005, no pet.) (same).

Although § 36.066(g) mandates an award of attorney's fees, the reasonableness of the amount of fees to be recovered is generally a question of fact. *Bocquet*, 972 S.W.2d at 21; *see also* TEX. WATER CODE ANN. 36.066(g) (Vernon 2008) (providing amount of attorney's fees to be fixed by the court). Testimony of an interested witness may establish the reasonableness of an attorney's fee award as a matter of law in certain instances; however, that testimony must be direct, positive, and free from circumstances tending to cast suspicion thereon. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). At the second hearing regarding its counterclaim, EAA presented expert testimony regarding the amount of attorney's fees it had incurred. The attorney for Horton and Del Papa, however, cross-examined EAA's expert and challenged EAA's failure to file a plea to the jurisdiction until almost a year after the third-party claims were filed against it. In addition, the expert's testimony included attorney's fees for 20 more hours the expert "believed" would be incurred in presenting the results of the second hearing to EAA's board of directors. In denying the attorney's fees, the trial court did not make any factual findings regarding the amount of attorney's fees that were reasonable. Because this court is not authorized to make original factual determinations, *see Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 349 (Tex. 1971), EAA's counterclaim must be remanded to the trial court for further proceedings regarding the amount of attorney's fees to be awarded.

### DISMISSAL OF CLAIMS AGAINST EAA

In their cross-appeal, Horton and Del Papa contend the trial court erred in dismissing their third-party claims against EAA because EAA waived its immunity by filing an affirmative claim for attorney's fees. In *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 376-77 (Tex. 2006), the Texas Supreme Court held that when a governmental entity joins "into the litigation process by

asserting its own affirmative claims for monetary relief," immunity "does not bar claims against the governmental entity if the claims are connected to, germane to, and defensive to the claims asserted by the entity." In those circumstances, the governmental entity is said to have waived its immunity. *Id*. We join several of our sister courts, however, in holding that the assertion of a claim for attorney's fees in defending a lawsuit is not the assertion of a claim for monetary relief under the holding in *Reata Constr. Corp. See, e.g., Veterans Land Bd. v. Lesley*, 281 S.W.3d 602, 628-29 (Tex. App.—Eastland 2009, pet. filed); *City of Dallas v. VRC LLC*, 260 S.W.3d 60, 64 (Tex. App.—Dallas 2008, no pet.); *Harris County Toll Road Auth. v. Southwestern Bell Tel., L.P.*, 263 S.W.3d 48, 65 (Tex. App.—Houston [1st Dist.] 2006), *aff'd on other grounds*, 282 S.W.3d 59 (Tex. 2009); *see also Bexar Metro. Water Dist. v. Edu. & Economic Dev. Joint Venture*, 220 S.W.3d 25, 32 (Tex. App.—San Antonio 2006, pet. dism'd as moot) (requesting costs is not an affirmative claim for monetary relief). Therefore, EAA's affirmative claim for attorney's fees did not waive its immunity.

Horton and Del Papa also contend the trial court erred in dismissing their takings claim. Although immunity is waived if a takings claim is properly pled, a trial court should grant a plea to the jurisdiction when a plaintiff fails to allege a valid takings claims. *See TCI West End, Inc. v. City of Dallas*, 274 S.W.3d 913, 916 (Tex. App.—Dallas 2008, no pet.). We initially note that the two grounds asserted by EAA in its motion to dismiss were that Horton and Del Papa's takings claim was invalid because they failed to plead: (1) an intentional act by EAA; or (2) the appropriation of property for public use. As this court has previously noted, however, these are not required elements in a regulatory takings claim which is the type of takings claim asserted by Horton and Del Papa.

*See City of San Antonio v. El Dorado Amusement Co.*, 195 S.W.3d 238, 244-45 (Tex. App.—San Antonio 2006, pet. denied).

In its brief, however, EAA also asserts that Horton and Del Papa's takings claim was invalid because they lacked standing to assert the claim. Because standing is a component of subject matter jurisdiction, it cannot be waived and can be raised for the first time on appeal. *City of Laredo v. R. Vela Exxon, Inc.*, 966 S.W.2d 673, 679 (Tex. App.—San Antonio 1998, pet. denied). When a Texas appellate court reviews the standing of a party for the first time on appeal, it must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing. *Id.*

To establish standing to pursue their takings claim, Horton and Del Papa were required to show EAA's action resulted in a taking of Horton and Del Papa's vested property rights. *See Edwards v. Mesa Hills Mall Co. Ltd. Pship.*, 186 S.W.3d 587, 591 (Tex. App.—El Paso 2006, no pet.); *Yazdchi v. State*, No. 14-04-00500-CV, 2005 WL 2149416, at *4 n.7 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (mem. op.); *see also El Dorado Amusement Co.*, 195 S.W.3d at 245 (noting taking results when regulation causes physical invasion of owner's property, denies owner all economically beneficial or productive use of land, or unreasonably interferes with landowner's rights to use and enjoy its property). As a matter of law, one-half of irrigation pumping rights, or the base irrigation groundwater, remains with the owner of the land. *Herrman v. Lindsey*, 136 S.W.3d 286, 291 (Tex. App.—San Antonio 2004, no pet.). Therefore, where land having irrigation pumping rights is conveyed, the base irrigation groundwater rights are conveyed to the new owner as a matter of law and cannot be reserved to the grantor. *Id.*

In this case, the record establishes that Horton and Del Papa initially owned 629.5 acres of land with irrigation pumping rights. Prior to the conveyance to A&S, Horton and Del Papa conveyed 387.5 acres of that land to another person, thereby also conveying 387.5 acre feet per annum of its base irrigation groundwater rights to the new owner as a matter of law. When Horton and Del Papa conveyed the remaining 242 acres of the land having irrigation pumping rights to A&S, Horton and Del Papa only possessed the right to 242 acre feet per annum of base irrigation groundwater, which is the most it could convey. Because Horton and Del Papa only retained a right to 242 acre feet per annum of base irrigation groundwater due to their prior voluntary conveyance, they did not have a right to convey 400 acre feet per annum of base irrigation groundwater to A&S as a matter of law. Therefore, Horton and Del Papa cannot establish that any action by EAA resulted in a taking of Horton and Del Papa's vested property rights. As a result, the trial court did not err in dismissing the takings claim.

## CONCLUSION

The portion of the trial court's order dismissing the third-party claims against EAA is affirmed. The portion of the trial court's order denying EAA's counterclaim for attorney's fees is reversed, and that claim is remanded to the trial court for further proceedings.

Karen Angelini, Justice