Opinion issued August 19, 2010

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00639-CV

———————————

CSfB 1998-PI Buffalo Speedway Office Ltd., Partnership, LNR
Partners, Inc., and Mrio, Inc., d/b/a Moody Rambin Office Services f/k/a Moody
Rambin Interest, Inc., Appellants

V.

Amtech
Elevator Services Company, Appellee



 



 

On Appeal from the 270th District Court

Harris County, Texas



Trial Court Case No. 2006-39331

 



CONCURRING OPINION

          I
join the opinion of the court, and write separately only to offer an additional
observation about CSFB’s request for attorney’s fees, which was rejected by the
trial court.

CSFB moved for entry of final
judgment and requested that the trial court make an additional award of “all
attorney’s fees in the amount of at least $67,000.”  In support of that request CSFB submitted an
affidavit that recited the history of the dispute up to the trial court’s
summary judgment order, and providing the following additional facts and expert
opinion:

Rather
than reimbursing [CSFB] and assuming their defense, [Amtech] appealed this
Court’s decision, which caused [CSFB] to incur substantially more fees than
they had previously incurred up to the date the Court heard the summary
judgment.  Additionally, [CSFB was] forced
to continue defending themselves from the Plaintiff’s claims during the
pendency of the appeal.  Ultimately, the
First Court of Appeals affirmed this Court’s decision that [Amtech] breached
its contractual obligations to defend and indemnify [CSFB].

 

Despite
attempts between [CSFB] and [Amtech] to resolve the debt owed by [Amtech] to [CSFB],
[Amtech] refuses to honor its contractual obligations and reimburse [CSFB] for
all attorney’s fees incurred defending the claims asserted by Plaintiff and
prosecuting [CSFB’s] breach of contract claims against [Amtech].  Further, [Amtech] has failed and continues to
fail to indemnify [CSFB] for the sum of $46,599.00 paid to settle Plaintiff’s
claim and mitigate the damages incurred by [CSFB] as a result of [Amtech’s] breach
of its contract.

 

In
connection with the representation of [CSFB] in this case, the necessary and
reasonable attorneys’ fees and expenses incurred to date are approximately
$67,000.00.  To preserve their
privileges, [CSFB] will submit fee bills for an in camera inspection to substantiate the amount of attorney’s fees
incurred in this litigation rather than attaching them to this Motion for Entry
of Final Judgment.  [CSFB], however,
incorporate[s] the referenced fee bills in its Motion for Entry of Final
Judgment as if set forth fully therein. . . .

 

Such
attorneys’ fees and expenses are reasonable and necessary in connection with the
proper representation of [CSFB] in these matters based upon the factors set out
in Disciplinary Rule 1.04 of the State Bar Rules, including (1) the time and
labor required; (2) the novelty and difficulty of the questions involved, and
the skill required to perform the legal service properly; (3) the likelihood,
if apparent to the client, that the acceptance of the particular employment
will preclude other employment by the lawyer; (4) the fee customarily charged
in the locality; (5) the amount involved and the results obtained; (6) the time
limitations imposed by the client or the circumstances; (7) the nature and
length of the professional relationship with the client; (8) the experience,
reputation, and ability of the lawyer or lawyers performing the services; and
(9) whether the fee is fixed or contingent or results obtained or uncertainty
of collection before the legal services have been rendered.

 

Amtech objected to the affidavit.  Amtech complained that it could not readily
controvert the affidavit when it had not been provided with itemized billing
invoices, though those documents were relied upon by the expert and submitted
to the trial court for review in camera. 
The trial court sustained this objection.  It did not abuse its discretion in doing so.*

Whatever reasons may have motivated
CSFB to offer its billing records to the trial court in camera, it has provided
this court no authority approving a process of supporting a fees request with records
that have been withheld from the opposing party.  CSFB appears to have offensively used its
billing records such that it waived any possible claim of privilege over those
records.  See Republic Ins. Co. v.
Davis, 856 S.W.2d 158, 163 (Tex. 1993). 
But in any case, the documents that have been provided to, reviewed by,
or prepared by or for an expert in anticipation of the expert’s testimony are
discoverable.  Tex. R. Civ. P. 192.3(e) (authorizing discovery, among other
things, of “the facts known by the expert that relate to or form the basis of
the expert’s mental impressions and opinions”); Tex. R. Civ. P. 194.2(f) (authorizing requests for disclosure
of such documents for testifying experts). 
Amtech was entitled to request and receive discovery of such documents
to enable it to controvert the opinion offered as to the reasonableness of
CSFB’s fees request.  For that reason the
trial court’s ruling sustaining Amtech’s objection to the affidavit was no
abuse of discretion.

The Supreme Court has emphasized
the importance that a party opposing a fees request have “the means and
opportunity of disproving the testimony or evidence” before fees will be
granted as matter of law.  Ragsdale v. Progressive Voters League,
801 S.W.2d 880, 882 (Tex. 1990).  On
remand, Amtech should be given the opportunity to review those materials relied
upon by CSFB to support its request for fees.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Justice
Massengale, concurring.











*               “[T]he award of any attorney
fee is a fact issue which must be passed upon by the trial court.”  Int’l
Sec. Life Ins. Co. v. Spray, 468 S.W.2d 347, 349 (Tex. 1971); see also Great Am. Reserve Ins. Co. v.
Britton, 406 S.W.2d 901, 907 (Tex. 1966). 
“The pattern for proving attorney’s fees at trial usually follows that
used for expert testimony in general: (1) present the expert’s qualifications,
and then (2) elicit the expert’s opinion, and (3) her support for the
opinion.”  Scott A. Brister, Proof of Attorney’s Fees in Texas, 24 St. Mary’s L.J. 313, 325 (1993).  The support for the attorney’s fees opinion
proffered by CSFB was lacking, and that was the basis of Amtech’s objection.