Affirmed and Memorandum Opinion
filed July 12, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00968-CV



Fred Rogers, Appellant 

v.

Fort Bend
Independent School District, Appellee 



On Appeal from
the 434th Judicial District Court

Fort Bend County, Texas

Trial Court
Cause No. 09-DCV-169787



 

MEMORANDUM OPINION 

Fort Bend County School District brought suit against
Fred Rogers for $12,709.89 in delinquent taxes, penalties, and interest on real
property and a “research fee” of $250, all totaling $12,959.89.  As specified
in the live pleadings, the school district sought, in relevant part, any costs
of court and “research expenses for determining the name, identity, and
location of necessary parties and in procuring necessary legal descriptions of
the property.”

It is undisputed that Rogers paid all delinquent
taxes, penalties, and interest before trial.  In a judgment signed on September
8, 2010, the trial court noted that Rogers had paid all of the delinquent taxes
but failed and refused to pay court costs and research fees, totaling $495.  The
trial court rendered a judgment in favor of the school district, ordering
Rogers to pay $495.  

In a motion for new trial, in which Rogers challenged
the sufficiency of the evidence, Rogers characterized the research fee as an
attempt to collect “additional legal fees.”  The motion was overruled by
operation of law.  Rogers now appeals the trial court’s judgment challenging
the trial court’s jurisdiction and the sufficiency of the evidence.

Jurisdiction

In his first issue, Rogers claims the trial court
lacked jurisdiction to render judgment.  According to Rogers, the school
district did not refer “to any related statute” to support its claim for
research fees and court costs.  Rogers also claims the trial court’s judgment
was “void without any supporting statute for this award,” referring to an
“absent” judgment for property taxes, which formed the basis of the original
suit.  

The trial court’s judgment, signed September 8, 2010,
reflects that Rogers paid the delinquent taxes that formed the basis of the
suit; therefore, Rogers’s argument that the record contains no judgment for
property taxes lacks merit.  Furthermore, the Texas Property Tax Code
authorizes collection of “all usual court costs” and “reasonable expenses that
are incurred by the taxing unit in determining the name, identity, and location
of necessary parties and in procuring necessary legal descriptions of the
property on which a delinquent tax is due.”  Tex.
Tax Code Ann. § 33.48(a)(1), (4) (West 2008).  In its live pleadings,
the school district expressly referred to this statutory language when claiming
a fee for research for the purpose of “determining the name, identity, and location
of necessary parties and in procuring necessary legal descriptions of the
property,” and listing a research fee of $250.  See id.  Although the
school district did not refer to a specific statute to support these
allegations in its pleadings, the petition is sufficient and meets the
requisites set forth in the Property Tax Code.  See Tex. Tax Code Ann. § 33.43(a) (West
2008) (outlining the requirements for a sufficient petition initiating suit to
collect a delinquent property tax).  Likewise, the judgment is not void merely
because it did not contain a reference to the statute in support of the award. 
See Int’l Sec. Life Ins. Co. v. Spray, 468 S.W.2d 347, 350 (Tex. 1971)
(providing that the form of a judgment is not controlling so long as certainty
is achieved).  Nor did the lack of such a reference deprive the trial court of
jurisdiction.  Rogers’s argument is without merit.  We, therefore, overrule
Rogers’s first issue.

Sufficiency of the Evidence

In a second issue, Rogers claims the evidence is
insufficient to support the judgment because there is no evidence of the
research fees or court costs.  Contrary to Rogers’s assertion, the record contains
an itemized statement of costs, as billed by the Fort Bend County district
clerk, reflecting a description of charges amounting to $245 in connection with
the suit brought by the school district against Rogers.  Rogers refers to a
hearing conducted on September 8, 2009,[1]
at which the trial court allegedly signed a prepared order and judgment for the
costs.  No record of that hearing or the trial is included in the appellate
record.  When, as in this case, there is neither a reporter’s record nor
findings of fact, we presume the trial court heard sufficient evidence to make
all necessary findings in support of the judgment.  Hebison v. Clear Creek
Indep. School Dist., 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.]
2006, no pet.).  Although a party may challenge the legal sufficiency of the
evidence supporting the trial court’s judgment, a party cannot prevail without
presenting a sufficient record on appeal.  See Schafer v. Conner, 813
S.W.2d 154, 155 (Tex. 1991) (per curiam); Hebison, 217 S.W.3d at 536.  In
conducting an appellate review, this court presumes that any missing record
contains sufficient evidence to support the trial court’s judgment for the
court costs and research fees.  See Hebison, 217 S.W.3d at 536.  Accordingly,
Roger’s sufficiency challenge fails.  We overrule his second issue.

The trial court’s
judgment is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Jamison, and McCally.

 









[1]
It is possible that Rogers intended to identify this date as September 8, 2010.
The record reflects a notice of trial set for September 8, 2010.  The trial
court’s judgment was signed on that date.  The appellate record contains no
record for either date.