**Opinion issued August 7, 2012**



In The

# Court of Appeals

For The

# First District of Texas

—————————————————

## NO. 01-12-00546-CV

—————————————————

## IN RE EDUCAP, INC., Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator Educap, Inc. has filed a petition for writ of mandamus in this Court. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *see also* TEX. R. APP. P. 52. Raising one issue, Educap complains of the trial court's denial of its motion for entry of final judgment and of the trial court's failure to render a final appealable judgment.[1] Educap contends that the trial court's failure to render a final judgment

---

[1] The respondent is The Honorable Linda Storey of the County Civil Court at Law No. 3 of Harris County. The underlying suit is *Educap, Inc. v. Jo Anna McCune*, No. 980350 (County Civil Court at Law No. 3, Harris County, Texas).

prevents it from appealing the trial court's order granting summary judgment in favor of real party in interest Jo Anna McCune. Because we agree that the trial has not rendered a final judgment, we conditionally grant Educap's petition for writ of mandamus.

## Background Summary

Educap is the holder of the note on McCune's unpaid student loans. Educap sued McCune for breach of contract, alleging that she had defaulted on the loans totaling $41,666.50.

McCune answered the suit asserting a general denial and the affirmative defense of limitations. In the prayer of her answer, McCune also requested that she recover her attorney's fees.

Educap filed a motion for summary judgment on its claims against McCune. McCune responded to the motion and filed a counter motion for summary judgment based on the affirmative defense of limitations. In her motion for summary judgment, McCune also requested her attorney's fees. To support her attorney's fees claims, McCune attached the affidavit of her attorney. In the affidavit, the attorney specified the amount of her fees associated with different stages of the litigation.

On the same day, the trial court signed two orders. One order denied Educap's motion for summary judgment and the other granted McCune's motion.

2

The order granting McCune's motion is entitled, "Order Granting Defendant's Motion for Final Summary Judge."  The order provides, "[T]he court considered the DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT, and the response thereto, and after reviewing the evidence and hearing arguments, the Court finds that the Motion should be GRANTED."  The order denying Educap's motion for summary judgment was similarly phrased, simply denying the motion.

Educap filed a motion for new trial, asserting that it did not receive a copy of McCune's motion for summary judgment or notice of submission of the motion. The trial court denied Educap's motion for new trial.

Educap then filed a Motion for Entry of Final Judgment, asserting, in part, "[T]he Order Granting Defendant's Motion for Final Summary Judgment is not a final and appealable order because it does not dispose of all claims and all parties. In fact the judgment does not specifically state what relief is granted and refers back to Defendant's Motion for Summary Judgment."  Educap pointed out that McCune's motion for summary judgment included, inter alia, a request for attorney's fees.  Although not in the mandamus record, it is not disputed that the trial court denied Educap's motion for entry of final judgment at a hearing on the motion.

Educap filed its petition for writ of mandamus in this Court complaining, in one issue, that the trial court improperly denied the motion for entry of final

3

judgment and has failed to render a final judgment in this case. Educap asserts that it desires to appeal the trial court's order granting McCune's motion for summary judgment but cannot do so without a final judgment. Educap requests this Court to direct the trial court to sign a final, appealable judgment to allow it to proceed with its appeal. McCune contends that the trial court has rendered a final appealable judgment.

## Standard of Review

To be entitled to the extraordinary relief of a writ of mandamus, relators must show the trial court abused its discretion and there is no adequate remedy by appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

## Analysis

Here, Educap contends that the trial court abused its discretion by denying its motion for entry of judgment and by refusing to render a final, appealable judgment. As it did in the trial court, Educap asserts that the trial court's order granting McCune's motion for summary judgment fails to address all of McCune's

4

claims. It claims that the order is too indefinite to ascertain the relief granted to McCune. Educap points out that McCune requested attorney's fees in her answer and in her motion for summary judgment. The amount of fees requested was supported by an attorney's affidavit, appended to her motion for summary judgment.

When, as here, there has been no conventional trial on the merits, "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har–Con Corp*., 39 S.W.3d 191, 205 (Tex. 2001). In addition, a final judgment must be definite and certain such that the clerk can ascertain the amount to place in the writ of execution. *See Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 350 (Tex. 1971).

Here, the trial court's summary judgment orders taken together form its judgment. The judgment does not specifically address McCune's attorney's fees claim, which she expressly asserted in her answer and in her motion for summary judgment.[2] We also note that the trial court did not include language in its

---

[2] McCune contends that she did not plead a counter-claim for attorney's fees against Educap. However, the record shows that she requested attorney's fees in the prayer of her answer and in her motion for summary judgment. Even assuming that McCune did not plead an attorney's fees claim, unpled claims that are tried by express or implied consent of the parties are treated as if they had been raised in the pleadings. *Roark v. Stallworth Oil & Gas, Inc*., 813 S.W.2d 492, 495 (Tex. 1991). Thus, an unpled attorney's fees claim presented in a motion for summary

judgment indicating that it was denying relief not expressly granted. Had it included such language, the judgment would arguably reflect that the trial court was granting McCune's summary judgment on Educap's claims but denying any claim for affirmative relief included in the motion for summary judgment, such as the attorney's fees claims. *See In re Certain Underwriters at Lloyd's London*, No. 01–09–00851–CV, 2010 WL 184300, at *3 (Tex. App.—Houston [1st Dist.] Jan. 15, 2010, orig. proceeding) (mem. op.) (holding that order granting summary judgment was final judgment even though attorney's fees request made in motion for summary judgment not addressed in the order because order indicated that all relief not expressly granted was denied; thus, attorney's fees request was denied by the order).

Nor does the trial court's judgment otherwise indicate that it intended to dispose of the attorney's fees claims when it ruled on the competing motions for summary judgment. *See, e.g., St. Raphael Med. Clinic, Inc. v. Mint Med. Physician Staffing, LP*, 244 S.W.3d 436, 440 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that agreed judgment not specifically addressing claim for attorney's fees final because it stated that it "is conclusive, not only on the matters actually raised and litigated, but it is also conclusive on every other matter that

judgment proceeding without objection is tried by consent. *See, e.g., Emery Air Freight Corp. v. Gen. Transp. Sys., Inc.*, 933 S.W.2d 312, 316 (Tex. App.—Houston [14th Dist.] 1996, no writ), *disapproved of on other grounds by Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660 (Tex. 2008).

could have been litigated and decided as an incident to or essentially connected with the subject matter"). The trial court's judgment also does not include express language of finality, indicating that the trial court intended the judgment to be final and appealable. *See Lehmann*, 39 S.W.3d at 192–93; *cf. Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 738–39 (Tex. App.—San Antonio 2005, no pet.) (holding that summary judgment order not specifically addressing claim for attorney's fees was final because of language indicating trial court intended it to be final and appealable). In the absence of language of finality, a trial court's failure to dispose of a pending attorney's fees claim renders a judgment interlocutory. *See, e.g., McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (holding that judgment was not final and appealable, in part, because it did not dispose of defendant's attorney's fees claim).

Even if we assume that the trial court's order granting McCune's motion for summary judgment includes an attorney's fees award, the amount of the award is not included in the order. As mentioned, a judgment is not final unless it is definite and certain, such that the clerk can ascertain the amount to place in the writ of execution. *See Spray*, 468 S.W.2d at 350; *see also Harris Cnty. Toll Road Auth. v. Sw. Bell Tel., L.P.*, 263 S.W.3d 48, 54 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 282 S.W.3d 59 (Tex. 2009). In other words, "[i]f the amount awarded by the judgment cannot be determined, the judgment is interlocutory." *Harris*

*Cnty. Toll Road Auth.*, 263 S.W.3d at 54 (quoting *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 440 (Tex. App.—Houston [1st Dist.] 2000, no pet.)). Thus, even assuming that the trial court intended to award McCune her attorney's fees by granting her motion for summary judgment, the judgment is nonetheless interlocutory because the amount of the fees awarded has not been stated in the judgment. *See Chado v. PNL Blackacre, L.P*, No. 05–04–00312–CV, 2005 WL 428824, at *1 (Tex. App.—Dallas Feb. 24, 2005, no pet.) (mem. op.) (dismissing appeal as interlocutory because order granting summary judgment to Blackacre and awarding it attorney's fees on appeal failed to specify amount of attorney's fees awarded); *see also Spray*, 468 S.W.2d at 350; *Howell v. Mauzy*, 774 S.W.2d 274, 276 (Tex. App.—Austin 1989, writ denied). We hold that the trial court did not render a final judgment and it abused its discretion when it denied Educap's motion to render a final judgment.

We further hold that because there is no final judgment, Educap has no remedy by appeal. Subject to a few exceptions not applicable here, an appellant may only appeal from a final judgment. *See Lehmann*, 39 S.W.3d at 195. Thus, Educap has met its burden to show it is entitled to the mandamus relief it seeks. *See In re Team Rocket*, 256 S.W.3d at 259.

For the reasons discussed, we conditionally grant the requested mandamus relief. We direct the trial court to grant Educap's motion for entry of final

8

judgment and render a final, appealable judgment in this case.[3]  We will issue writ only if the trial court fails to do so.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

---

[3]  Educap also complains in his mandamus petition that the trial court did not expressly rule on other requests for relief made by McCune in her motion for summary judgment.  Educap points out that McCune requested costs of court and requested the trial court to "[o]rder such other relief, special or general, at law or in equity as may be appropriate."  Because we have determined that the judgment is not a final judgment, we need not determine whether the lack of language addressing the other requested relief affects the finality of the judgment.  We are confident that the trial court will dispose of any pending claims or otherwise indicate with clarity that the judgment is a final, appealable judgment.